Jimmy A. DUNCAN, Executor, Proponent/Plaintiff/Appellee,

Helen Simmons and Aline Milliken, Proponents/Counter–Defendants/Appellees,

v.

Dianne DeMOSS, Contestant/Defendant/Counter–Plaintiff/Appellant.

Court of Appeals of Tennessee, Middle Section, at Nashville.

March 30, 1994.

Application for Permission to Appeal Denied by Supreme Court June 27, 1994.

Patricia A. Montgomery, Mark H. Westlake, Westlake & Marsden, P.C., Nashville, for appellant.

Dan R. Alexander, Nashville, for appellees.

## *OPINION*

TODD, Presiding Judge.

In this will contest case, the unsuccessful contestant has appealed from the award of discretionary costs of $3,500.00.

After judgment upholding the will, the successful executor/proponent requested discretionary costs pursuant to T.R.C.P. Rule 54.-04, consisting of expenses, $1,864.66, and $5,090.00 fees for himself as executor. The Trial Court granted judgment for $3,500.00 of the total claim of $6,954.66. The appellant concedes the correctness of $1,864.66 of the judgment (the expenses), but questions the remaining $1,635.34 of the $3,500.00 judgment.

The executor asserts that the appeal should be dismissed for lack of a final judgment in the Trial Court. This requires a review of the proceedings.

■ Contest of the will of deceased was duly certified by the Probate Court to the Circuit Court, where the executor joined with Helen Simmons and Aline Milliken in a petition presenting the will for probate. The contestant filed an answer and counter-complaint denying the validity of the will and seeking relief against Helen Simmons and Aline Milliken because of certain transactions of deceased with the third parties.

The subject matter of the counter-claim had no place in a will contest suit in Circuit Court, and the counter-complaint should have been stricken. However, this did not occur. In response to a motion of the executor to separate the counter-claim from the will contest, the Trial Court entered an agreed order, stating:

> It is further ordered, adjudged and decreed that trial of the issues presented by defendant Dianne DeMoss's counter-claim be commenced immediately after the completion of the trial with respect to the will contest issues and that the trial be conducted before the same jury; ...

The jury returned a verdict for the will upon which the judgment of the Court was rendered, remanding "the matter" to the Probate Court for further proceedings. There is no record of the presentation of the counter-claim to the same jury or any other disposition of the claim unless "the matter" included the counter-claim which was thereby remanded to the Probate Court along with the will.

Under the ambiguous circumstances described, and, in view of the advanced stage of this appeal, this Court chooses to waive any perceived lack of finality in the Trial Court judgment, and to determine the merits of this appeal as upon extraordinary appeal under T.R.A.P. Rule 10.

Returning to the merits of this appeal, the issues presented by appellant are as follows:

1. Whether a witness must be qualified as an expert in order for the fees of the witness to be recoverable as discretionary costs under Rule 54.04(2) of the Tennessee Rules of Civil Procedure.

2. Whether Jimmy A. Duncan, Executor of the Estate of Horace B. DeMoss, was qualified as an expert witness in the will contest tried before a jury in the Circuit Court.

3. Whether the trial court erred in granting One Thousand Six Hundred Thirty Five and 34/100 Dollars ($1,635.34) as discretionary costs for a witness not qualified as an expert.

The appellant concedes that the Trial Court correctly granted judgment for $1,864.66, the amount of expenses claimed by the executor. The remainder of the $3,500.00 judgment ($1,635.34) is of necessity a portion of the $5,090.00 claimed by the executor as compensation for his time spent in defending the will contest.

T.R.C.P. Rule 54.04 limits discretionary costs to:

> [R]easonable and necessary court reporter expenses for depositions or trials, reasonable and necessary expert witness fees for depositions or trials, and guardian ad litem fees; ....

Fees of court appointed interpreters are allowable, but none were appointed in this case.

■ The executor insists that his time was compensable under the rule because he testified as an expert. The details of the executor's claim as set out in his affidavit do not include testifying as an expert. However, the affidavit includes three items of 4, 7½ and 2 hours identified as "court appearance for trial." This is insufficient to establish a claim for "necessary expert witness fees."

The executor testified that he was admitted to the bar in 1975, that he had practiced law since 1980, and that he was experienced in preparation of wills. He also testified as to the circumstances under which he prepared the contested will for the deceased. On cross-examination he was asked for his opinion with reference to the rights of heirs and devisees, but such opinions were not material to the validity of the will, and would not be compensable as "necessary expert witness fees."

The claim of the executor shows on its face that he claims compensation for all of his time spent in defending this contest and does

not show or claim that he was employed by a party or appointed by the Court to give necessary expert testimony.

Occasions do arise where the Court requires expert testimony as to the law of a foreign jurisdiction, but such occasions are rare, and are not found in the present record. The testimony of an attorney as to his transactions even when acting as an expert in the law is not expert testimony, but is factual, resulting from experience and memory rather than the exercise of expertise in advising the Court or jury.

Such was the testimony of the executor in the present case. It constituted services to the estate for which he is entitled to compensation out of the estate; but it did not constitute "necessary expert testimony" within the contemplation of Rule 54.04.

The executor asserts that the inclusion of his litigation time in the costs was discretionary with the Trial Court. This Court does not agree. Since the executor's time is not within the expenses qualified as allowable costs under Rule 54.04, the inclusion of such time was unauthorized.

The executor asserts that the $1,635.34 at issue could be justified by the expense of the fee of the attorney who represented him in the contest. Attorneys' fees are not allowable as discretionary costs under Rule 54.04.

The judgment of the Trial Court for $3,500.00 discretionary costs is modified by reducing it to $1,864.66. As modified, the judgment is affirmed. Costs of this appeal are taxed against the executor. The cause is remanded to the Trial Court for further proceedings which should include some clarification of the status of the counter-claim.

Modified, Affirmed and Remanded.

LEWIS and KOCH, JJ., concur.