# IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE

**KATRINKA A. STALSWORTH and JIM STALSWORTH v.
ROBERT A. GRUMMONS, M.D.**

**Direct Appeal from the Circuit Court for Sumner County
No. 17315 C, Thomas Goodall, Judge**

------

**No. M1999-00047-COA-R3-CV - Decided May 5, 2000**

------

The sole issue presented in this appeal is whether the trial court properly awarded as discretionary costs fees of the defendant's expert witnesses who did not testify because the plaintiffs voluntarily dismissed their lawsuit on the day of trial before any proof was taken. The fees in question were charged by the defendant's medical experts for reserving time in their schedules to testify, thereby precluding any other income-producing professional activities. The award of discretionary costs is affirmed.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed and Remanded**

COTTRELL, J., delivered the opinion of the court, in which KOCH, J., and CAIN, J., joined.

Douglas Berry, R. Stephen Doughty, Nashville, Tennessee, for the appellants, Katrinka A. Stalsworth and Jim Stalsworth.

Phillip North, Tom Shumate, Nashville, Tennessee, for the Appellee, Robert A. Grummons, M.D.

## OPINION

After an adverse ruling on their motion in limine to exclude just-obtained records affecting the credibility of their only medical expert witness,[1] the plaintiffs voluntarily dismissed their medical malpractice lawsuit. This occurred after the jury was empaneled and opening statements were presented but before any proof was taken. The defendant timely moved for discretionary costs, which were awarded by the trial court. The only portion of the awarded costs challenged by the plaintiffs involves fees by two defense expert witnesses, doctors who were scheduled to testify at

------

[1]The records were first received by the defendant on the first day of trial and produced to the plaintiffs on that day. The records concerned the loss of privileges of the plaintiffs' expert and may have contradicted the expert's deposition testimony regarding the reasons for his lack of privileges.

trial and who had charged the defendant for setting aside that time.

The motion for discretionary costs asked for "the reasonable and necessary expert witness fees incurred in having [named doctors] available to give expert testimony at trial" and was accompanied by the doctors' bills. One bill included an entry for "court appearance reservation" for January 14 for which two hours was charged.[2] The other bill included an entry for "one day in office rescheduled . . . 8 hours" and was submitted by an out-of-town physician.

The plaintiffs opposed the motion for discretionary costs especially with regard to fees for experts who did not testify. After a hearing, the trial court granted the defendant's motion for discretionary costs awarding, in relevant part:

> $800.00 for the reasonable and necessary expert witness fees incurred in having Kenneth Sharp, M.D. available to give expert witness testimony at trial;

> $1200.00 for the reasonable and necessary expert witness fees incurred in having Bert E. Geer, D.O. available to give expert testimony at trial. (The original amount requested was $1800.00, but $600.00 in preparation fees was not awarded to Defendant.)

The Stalsworths have appealed this ruling, arguing that the trial court abused its discretion by granting expert witness fees to individuals who did not actually testify. They argue that Tenn. R. Civ. P. 54.04(2) limits the recovery of expert witness fees to those incurred for testimony actually obtained during depositions or trials.

Rule 54.04(2) specifically authorizes the recovery of discretionary costs. It states:

> Costs not included in the bill of costs prepared by the clerk are allowable only in the court's discretion. Discretionary costs allowable are: reasonable and necessary court reporter expenses for depositions or trials, reasonable and necessary expert witness fees for depositions or trials, and guardian ad litem fees; travel expenses are not allowable discretionary costs. Subject to Rule 41.04, a party requesting discretionary costs shall file and serve a motion within thirty (30) days after entry of judgment. The trial court retains jurisdiction over a motion for discretionary costs even though a party has filed a notice of appeal. The court may tax discretionary costs at the time of voluntary dismissal.

When this rule was originally enacted, it did not specify that discretionary costs could include expert witness fees. However, in *Lock v. National Union Fire Ins. Co.,* 809 S.W.2d 483 (Tenn. 1991), our Supreme Court approved as discretionary costs the fees of medical experts testifying by

---

[2]The trial began and ended January 11.

2

deposition. *See Lock*, 809 S.W.2d at 489-90. Construing Rule 54.04(2) as it then existed, the Court stated:

> It was our intent that reasonable and necessary costs, in preparation and trial of a case, could be assessed as discretionary costs by the trial court. The awarding of such costs is a discretionary matter with the trial court.

*Id.* at 490.

Rule 54.04(2) was amended in 1993 to, among other things, define discretionary costs to include "reasonable and necessary expert witness fees for depositions and trials." The Advisory Commission specifically referenced the new language's consistency with the *Lock* opinion in its comment to the amendment. *See* Advisory Commission Comment to 1993 Amendment.

Thus, as it stands, the law indisputably authorizes trial courts to award as discretionary costs reasonable and necessary expert witness fees incurred for actually testifying by deposition or at trial. Whether Rule 54.04(2) reaches fees for expert witnesses who do not testify due to a nonsuit is an issue of first impression in this state.

It is important to note that the language of Rule 54.04 prior to the 1993 amendment required an affidavit "certifying that such items of costs are accurate and were reasonable and necessary to preparation and trial of the case and that the services for which such fees have been charged were actually performed." The rule no longer includes the requirement that the services were actually performed.[3]

The requirement that any costs be reasonable and necessary, however, remains and, in fact, provides the parameters for the trial court's exercise of discretion in awarding discretionary costs. Courts interpreting the language of Rule 54.04(2) have consistently made individualized determinations regarding the reasonableness and necessity of the fees, rather than applying any bright line rule. *See, e.g.*, *Seals v. England/Corsair Upholstery Mfg. Co., Inc.*, 984 S.W.2d 912, 917 (Tenn. 1999); *McCracken v. City of Milliken*, No. 02A01-9707-CV-00165, 1999 WL 142391 at * 13 (Tenn. Ct. App. Mar. 17, 1999) (no Tenn. R. App. P. 11 application filed).

In light of the language of the rule and prior authority's treatment of the rule, we respectfully reject the Stalsworths' contention that there is a "bright line" rule which limits discretionary costs for expert witnesses to those fees incurred from actual testimony. We interpret the cases and the rule to require an individualized analysis focusing on the reasonableness and necessity of the costs requested. We decline to find that under no circumstances would a non-testifying expert's fees be

---

[3]Obviously, the deletion of this language does not authorize submission of false claims for costs incurred.

reasonable and necessary. [4]

Having declined to find that a nontestifying expert's fee for reserving time to testify could never, as a matter of law, be reasonable and necessary, the issue before this court is whether the trial court herein properly exercised its discretion in finding the expert fees reasonable and necessary. Absent a clear abuse of discretion, appellate courts generally will not interfere with a trial court's assessment of costs. *See Perdue v. Green Branch Mining Co., Inc.*, 837 S.W.2d 56, 60 (Tenn. 1992). In exercising the broad discretion given to it by Rule 54.04, the trial court must consider such factors as the import of the evidence, the availability of the expert, and the reason for the expert's failure to testify. In the case before us, the medical experts did not testify because the plaintiffs nonsuited after the trial began. Thus, in this case, factors such as the necessity and reasonableness of the defendant's arranging for two medical experts to testify in his defense, the timing of the nonsuit, the effect of that timing on the defendant's experts, and the reasonabless of such experts charging a fee to remain available to testify would be relevant to the trial court's determination.

An examination of the evidence in light of the burden of proof is also instructive. From a procedural perspective, the cases teach that the prevailing party bears the burden of satisfying the requisites of Rule 54.04(2). *See, e.g., Miles v. Voss Health Care Ctr.*, 896 S.W.2d 773, 776 (Tenn. 1995). Once the prevailing party has filed a timely and properly supported motion for discretionary costs, the nonmovant may challenge the motion by presenting argument and evidence contesting, *inter alia*, the reasonableness and necessity of the fees. Whether the fees are contested or not, the assessment of costs is always subject to the trial court's discretion.

Here, Dr. Grummons presented evidence that he had been charged "$800.00 for the reasonable and necessary expert witness fees incurred in having Kenneth Sharp, M.D. available to give expert testimony at trial" and "$1,800 for the reasonable and necessary expert witness fees incurred in having Bert E. Geer, D.O. available to give expert testimony at trial."

The Stalsworths' response was their argument that Rule 54.04(2) did not contemplate costs for experts who did not testify. They presented no proof challenging the reasonableness or necessity of the testimony the experts would have offered. As the record stands, we have only the unrefuted evidence of the experts' charges for being available for trial. It contains no proof that the expert testimony at issue would have been cumulative, not helpful, or in any way unnecessary. *Compare McCracken*, 1999 WL 142391 at * 13. Nor does it show that it was unnecessary for the defendant to pay the doctors to reserve time in their schedules or that the doctors at issue were not precluded

---

[4]We are aware of language in *Miles v. Marshall C. Voss Health Care Center*, 896 S.W.2d 773 (Tenn. 1995) that "the rule specifically limits discretionary costs with regard to expert witnesses to their fees for testifying." *Miles,* 896 S.W.2d. at 776. However, that language is used in the context of distinguishing between fees for evaluation of a plaintiff and fees for testimony based upon that evaluation. Absent the plaintiffs' voluntary dismissal after opening statements, the defendant's experts would have testified, and the fees charged were "for testifying" and were unrelated to any evaluation.

4

from being elsewhere or lost no income from their practices due to the rescheduling in anticipation of trial.[5] *Compare Seals*, 984 S.W.2d at 917. In light of the burden of proof and the evidence before us, we cannot say that the trial court abused its discretion in its assessment of the discretionary costs. *See Perdue*, 837 S.W.2d at 60 ("[A]ppellate courts are generally disinclined to interfere with the trial court's decision in assessing costs unless there is a clear abuse of discretion."); Tenn. Code Ann. § 20-12-119.

The Stalsworths argue that the award at issue was inappropriate absent proof that the witnesses were present and ready to testify, relying on *Seals*. The Supreme Court held that Rule 54.04(2) authorized an award of fees as discretionary costs of an expert who was present to testify at trial when the opposing party agreed to stipulate to the authenticity of the expert's report. *See Seals*, 984 S.W.2d at 917. The Court reasoned that because the witness "was present and ready to testify and . . . precluded from being elsewhere," the trial court did not err in awarding the expert's fees as discretionary costs. *Id.* In *Seals*, the expert actually testified, leaving us to conclude that the issue was whether the expert's testimony was "necessary" in view of the offer to stipulate. In *Seals,* as here, the party contesting the costs bore the burden of challenging the reasonableness and necessity of the fees. Based on the record before us, we find that the trial court acted within its discretion in implicitly holding that the plaintiffs failed to satisfy that burden.

Accordingly, the judgment of the trial court is affirmed. This case is remanded for any further proceedings which may be necessary. Costs of this appeal are to be taxed to the Appellants, Katrinka and Jim Stalsworth, for which execution may issue if necessary.

---

[5]The Stalsworths argue that the record shows no indication that the doctors were "precluded from being elsewhere" by the trial. However, we think the defendant's filing of a motion supported by invoices from the doctors who charged a fee for reserving their time shifted the burden to the plaintiffs. Thus, the determinative question is whether the record showed that the doctors were **not** precluded from being elsewhere on the day reserved.