# IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE
January 31, 2001 Session

## KATRINKA A. STALSWORTH, ET AL. v. ROBERT A. GRUMMON

**Appeal from the Circuit Court for Sumner County**
**No. 20194-C    Arthur E. McClellan, Judge**

---

**No. M2000-02352-COA-R3-CV - Filed May 15, 2001**

---

This appeal involves the dismissal of a patient's medical malpractice complaint pursuant to Tenn. R. Civ. P. 41.02. After the patient voluntarily dismissed her first complaint following opening arguments, the Circuit Court for Sumner County ordered her to pay her surgeon $3,023.85 in discretionary costs. The patient did not pay the discretionary costs she had previously been ordered to pay. After the patient refiled her complaint, the trial court stayed the proceedings on the surgeon's motion and later dismissed the patient's complaint for failure to prosecute and for failure to comply with the court's order directing her to pay the surgeon's discretionary costs. On this appeal, the patient asserts that the trial court erred by dismissing her renewed complaint. We affirm the trial court because the patient had ample warning that her claim was subject to dismissal and had been afforded a reasonable opportunity to comply with the trial court's order directing her to pay the surgeon's discretionary costs.

### Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed

WILLIAM C. KOCH, JR., J., delivered the opinion of the court, in which BEN H. CANTRELL, P.J., M.S., and PATRICIA J. COTTRELL, J., joined.

Douglas Berry and R. Stephen Doughty, Nashville, Tennessee, for the appellants, Katrinka A. Stalsworth and Jim Stalsworth.

Phillip North, Tom Shumate, and Michael F. Jameson, Nashville, Tennessee, for the appellee, Robert A. Grummon.

### OPINION

In November 1995, Katrinka Stalsworth sought treatment for stress incontinence from Dr. Robert Grummon. Dr. Grummon recommended surgery to correct the problem and performed the procedure on Ms. Stalsworth on August 29, 1996, at the Sumner Regional Medical Center. Ms. Stalsworth returned to Dr. Grummon on two occasions following the surgery complaining of pain. Ms. Stalsworth's pain continued for several months, and she eventually learned that she had

developed a serious bone infection in the area where Dr. Grummon had performed the procedure. Thereafter, on March 10, 1997, Ms. Stalsworth underwent a second procedure to remove the infected portion of her symphysis pubis.[1]

On August 25, 1997, Ms. Stalsworth and her husband filed a medical malpractice action against Dr. Grummon in the Circuit Court for Sumner County.[2] When the trial commenced on January 11, 1999, the attorneys representing Dr. Grummon provided the Stalsworths' attorneys with information that the Stalsworths' only medical expert had lost his medical privileges and was himself defending numerous medical malpractice actions. Realizing that this information would effectively discredit their only medical expert, the Stalsworths' attorneys moved in limine to exclude the derogatory information. When the trial court denied their motion, the Stalsworths voluntarily dismissed their suit.

Dr. Grummon filed a timely Tenn. R. Civ. P. 54.04(2) motion for $3,023.85 in discretionary costs, including $2,000 for the fees of two expert witnesses who had made themselves available to testify for Dr. Grummon at trial. The trial court entered an order on March 19, 1999, granting Dr. Grummon's motion and directing the Stalsworths to pay him $3,023.85. On the same day, the Stalsworths filed a notice of appeal challenging only the portion of the March 19, 1999 order directing them to pay the $2,000 witness fees for Dr. Grummon's two experts who never actually testified.

On January 7, 2000, the Stalsworths refiled their medical malpractice complaint against Dr. Grummon. Thereafter, on April 3, 2000, Dr. Grummon requested the trial court to stay the proceedings in accordance with Tenn. R. Civ. P. 41.04 until the Stalsworths paid the discretionary costs they had been ordered to pay in the trial court's March 19, 1999 order. In response, the Stalsworths did not contest $1,023.85 of these costs but rather asserted that the $2,000 for non-testifying expert witnesses was improper. Following a hearing on April 28, 2000, the trial court granted Dr. Grummon's motion for stay and directed the Stalsworths to pay "the discretionary costs from their prior action that have not been appealed" within thirty days. The order also stated that "[i]f those discretionary costs are not paid in full by that date, Plaintiffs' case will be stayed pursuant to Tenn. R. Civ. P. 41.04 until such time as the those discretionary costs are paid in full."

On May 5, 2000, this court filed an opinion affirming the trial court's March 19, 1999 order giving Dr. Grummon a $3,023.85 judgment against the Stalsworths for discretionary costs. *Stalsworth v. Grummons*, 36 S.W.3d 832 (Tenn. Ct. App. 2000). Thereafter, on June 16, 2000, the trial court stayed the proceedings against Dr. Grummon until all of the $3,023.85 in discretionary costs had been paid.

---

[1]The symphysis pubis is the joint where the pubic bones meet in front of the pelvis. *Dorland's Illustrated Med. Dictionary* 1626 (27th ed. 1988).

[2]The Stalsworths also sued Sumner Regional Medical Center alleging that it had negligently granted Dr. Grummon surgical privileges. The trial court eventually dismissed the Stalsworths' claims against Sumner Regional Medical Center by summary judgment, and thus, Sumner Regional Medical Center is not a party to this appeal.

On June 30, 2000, Dr. Grummon moved to dismiss the Stalsworths' complaint for failure to prosecute and failure to comply with the trial court's orders for the payment of the discretionary costs. The Stalsworths' attorneys filed a memorandum in opposition to Dr. Grummon's motion, but neither the Stalsworths nor their attorneys appeared at the hearing on this motion. On July 21, 2000, the trial court entered an order dismissing the Stalsworths's complaint against Dr. Grummon with prejudice pursuant to Tenn. R. Civ. P. 37.02 and 41.02. The Stalsworths moved to set the order of dismissal aside. However, the trial court entered an order on August 18, 2000, reaffirming that it had dismissed the Stalsworths' complaint because of their failure to pay the outstanding discretionary costs despite the court's warning that continued nonpayment could result in the dismissal of their complaint. In a final effort to give the Stalsworths a chance to get their case back on track, the trial court also stated that it would entertain a motion to set aside its July 21, 2000 order dismissing their case if they would pay the outstanding discretionary costs by August 25, 2000. Rather than paying the discretionary costs, the Stalsworths decided to pursue this appeal.

## I.

On this appeal, the Stalsworths take issue with the trial court's decision to dismiss their complaint pursuant to Tenn. R. Civ. P. 37.02 and 41.02. While we concur that Tenn. R. Civ. P. 37.02 is inapposite,[3] we have concluded that the Stalsworths' seventeen-month failure to pay the undisputed portion of the discretionary costs they were ordered to pay on March 19, 1999, provided an adequate basis for the trial court, in the exercise of its discretion, to dismiss their complaint against Dr. Grummon.

Trial courts in Tennessee are empowered to dismiss a pending civil action if the plaintiff fails to prosecute it or if the plaintiff fails to comply with the procedural rules or with any order of the court. Tenn. R. Civ. P. 41.02(1); *Thompson v. Dickerson*, No. 02A01-9702-CV-00034, 1997 WL 437228, at * 2 (Tenn. Ct. App. Aug.1, 1997) (No Tenn. R. App. P. 11 application filed); *Mills v. Bank of Roane County*, No. 176, 1991 WL 126553, at *2 (Tenn. Ct. App. July 15, 1991) (No Tenn. R. App. P. 11 application filed). However, courts do not treat dismissals under Tenn. R. Civ. P. 41.02 lightly and recognize that the harsh sanction of dismissal is not favored when lesser sanctions are available. *Kotil v. Hydra Sports, Inc.*, No. 01A01-9305-CV- 00200, 1994 WL 535542, at *3 (Tenn. Ct. App. Oct.5, 1994) (No Tenn. R. App. P. 11 application filed). At the same time, courts must have available a wide spectrum of sanctions, both for the purpose of penalizing uncooperative parties and deterring others from acting similarly.

Decisions to dismiss a complaint pursuant to Tenn. R. Civ. P. 41.02 are discretionary. Accordingly, dismissals under Tenn. R. Civ. P. 41.02 will be reviewed using the more relaxed standard applicable to discretionary decisions. *Johnson v. Wade*, No. W1999-01651-COA-R3-CV, 2000 WL 1285331, at *2 (Tenn. Ct. App. Sept. 6, 2000) (No Tenn. R. App. P. 11 application filed);

---

[3]Tenn. R. Civ. P. 37.02 relates to the sanctions available to trial courts when parties fail to comply with discovery orders. There being no discovery orders involved in this case, Tenn.R. Civ. P. 37.02 provides no legal support for the trial court's order being challenged here.

*Holt v. Webster*, 638 S.W.2d 391, 394 (Tenn. Ct. App. 1982). On appeal, the reviewing court should determine whether the trial court acted unreasonably, arbitrarily, or unconscionably by dismissing the complaint. *Reynolds v. Metropolitan Nashville/Davidson County*, No. 01A01-9509-CV-00406, 1996 WL 76322, at *2 (Tenn. Ct. App. Feb. 23, 1996) (No Tenn. R. App. P. 11 application filed).

On this appeal, the Stalsworths offer two justifications for their failure to comply with the March 19, 1999 order directing them to pay Dr. Grummon $3,023.85 in discretionary costs. First, they assert that they never received adequate notice that their complaint would be subject to dismissal if they did not pay these costs. Second, they assert that they are unable to pay these costs.[4] We do not find the Stalsworths' arguments convincing.

On March 19, 1999, the trial court ordered the Stalsworths to pay Dr. Grummon $3,023.85. Their appeal to this court involved only $2,000 of the $3,023.85 and did not stay the order. Accordingly, the Stalsworths have known since March 19, 1999 that they owed Dr. Grummon at least $1,023.85. Despite this knowledge, the Stalsworths have made no effort to pay Dr. Grummon any portion of the discretionary costs. By the time Dr. Grummon filed his motion for involuntary dismissal on June 30, 2000, fifteen months had elapsed since the trial court's March 19, 1999 order and approximately two months had elapsed since this court had affirmed the trial court's March 19, 1999 order in all respects.

We have concluded that the Stalsworths and their attorneys had been aware of their obligation to comply with at least a portion for the trial court's March 19, 1999 order for approximately seventeen months before the trial court involuntarily dismissed their case. They failed to pay these costs in April 2000 when the trial judge gave them thirty days to do so. They again failed to pay them after Dr. Grummon filed his motion for involuntary dismissal in June 2000. They failed to pay them yet again after the trial court told them in August 2000 that it would consider setting aside the involuntary dismissal if they paid the costs by August 25, 2000. In light of these circumstances, we find that the Stalsworths had more than adequate notice of the consequences of their failure to comply with the trial court's March 19, 1999 order.

We are not unmindful of the Stalsworths' claimed financial predicament. However, we must also be mindful that Dr. Grummon has been required to defend himself in this protracted medical malpractice litigation since August 25, 1997. None of this delay can be attributed to Dr. Grummon, and thus he is entitled to take full advantage of the avenues available to him to bring this litigation to an end. Based upon our independent review of the record, we hold that the trial court exercised its discretion properly when it dismissed the Stalsworths' claims against Dr. Grummon with prejudice in accordance with Tenn. R. Civ. P. 41.02.

---

[4]The Stalsworths raised their inability to pay these costs during the oral argument before this court. This argument, as best we can determine, was not raised below. Accordingly, no record has been created regarding their ability or inability to pay these costs. We note, however, that throughout all their proceedings against Dr. Grummon, the Stalsworths have never undertaken to proceed in forma pauperis.

## II.

       We affirm the July 21, 2000 and August 18, 2000 orders dismissing the Stalsworths' claims against Dr. Grummon with prejudice in accordance with Tenn. R. Civ. P. 41.02 and remand the case to the trial court for whatever further proceedings consistent with this opinion may be required. We also tax the costs of this appeal, jointly and severally, to Katrinka A. Stalsworth and Jim Stalsworth and their surety for which execution, if necessary, may issue.

 

                                    _____

                                    WILLIAM C. KOCH , JR., JUDGE