IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
November 4, 2002 Session

## ALFRED T. DUNCAN, ROSA L. DUNCAN, AND JERRY WAYNE BELL
### v.
## YVONNE ELIZABETH QUALLS, JERRY BARBER AND WIFE, MARGIE BARBER, AND H. TOM KITTRELL, SR.

Appeal from the Chancery Court for Perry County
No. 3799     Russ Heldman, Chancellor

No. M2002-00520-COA-R3-CV - Filed June 4, 2003

This is a boundary line dispute. The plaintiffs filed suit against the defendants to establish common boundary lines and to recover for timber cut from their land. One of the defendants counterclaimed for damages to his land. The trial court found that the defendants' proposed boundary line was the correct boundary line, but granted the plaintiffs a perpetual easement over the defendants' land. The trial court declined to award the plaintiffs compensation for the cut timber. On appeal, one of the defendants argues that the trial court erred in denying a motion to produce findings of facts, erred in granting a perpetual easement across the defendants' land, and erred in failing to grant the defendants damages. The plaintiffs assert that the trial court erred in failing to award them damages and discretionary costs. We reverse the award of a perpetual easement since the record does not indicate that such relief was sought, and affirm the remainder of the trial court's decision.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed in Part and Reversed in Part**

HOLLY KIRBY LILLARD, J., delivered the opinion of the court, in which W. FRANK CRAWFORD, P.J., W.S., and ALAN E. HIGHERS, J., joined.

Bobby A. McGee, Linden, Tennessee, for appellants, Jerry Barber and wife, Margie Barber.

Douglas Thompson Bates, III, Centerville, Tennessee, for appellee, Yvonne Elizabeth Qualls.

Wm. Landis Turner, Hohenwald, Tennessee, for appellees, Alfred T. Duncan, Rosa L. Duncan, and Jerry Wayne Bell.

**OPINION**

Alfred T. Duncan, Rosa L. Duncan, and Jerry Wayne Bell (collectively, "the Plaintiffs") own two adjacent tracts of land in Perry County, Tennessee.[1] Yvonne Elizabeth Qualls ("Qualls"), Jerry Barber and wife, Margie Barber (collectively, "the Barbers"), and H. Tom Kittrell, Sr. ("Kittrell"),[2] each own land that borders the Plaintiffs' property.

On July 14, 1997, the Plaintiffs filed suit against Qualls, the Barbers, and Kittrell, seeking to have their common boundary lines established by the trial court. The Plaintiffs also sought compensation for improper removal of timber from their land. The Barbers filed a counterclaim for damages to their property. The Plaintiffs and Kittrell later entered an agreed judgment establishing their common boundary line. Thereafter, only Qualls and the Barbers remained as defendants in the case.

The trial was held on October 15, 2001. The Barbers proceeded *pro se* at the trial court level. After the trial, on October 21, 2001, the trial court entered its written order. In the order, the trial judge found that the boundary line between the Plaintiffs' land and Qualls's land was the boundary line asserted by the Plaintiffs in their complaint. The trial court found that the boundary line between the Plaintiffs' land and the Barbers' land was "as testified to by Mr. Barber and entered by him on the surveyor's plat . . . ." As to the Barbers' land, however, the trial judge held that equity required that the Plaintiffs be granted a perpetual easement over the Barbers' land. Finally, the trial court found that the evidence did not support an award of damages against Qualls for cutting timber from the Plaintiffs' land. No findings of fact were included in the order. There was no transcript of the trial, and the record does not include a statement of the evidence.

The Plaintiffs and the Barbers both filed post-trial motions. The Plaintiffs moved to alter or amend the judgment of the trial court. They argued that evidence presented at the trial substantiated their claim to $3,500 in damages for timber improperly cut from their land. They also sought discretionary costs in the amount of $760.80. The Barbers argued that the trial court failed to adjudicate their counterclaim for property damages. They also requested that the trial court provide them with findings of fact. Finally, they asserted that the trial court erred in granting an easement to the Plaintiffs without compensating the Barbers for the easement. The trial court denied all of the post-trial motions. From this order, the Barbers and Qualls appeal.

On appeal, the Barbers assert that the trial court improperly denied their request to produce findings of facts and conclusions of law; that the trial court erred in granting the Plaintiffs a perpetual easement across the Barbers' land; and that the trial court erred in failing to award them damages. Qualls argues that the trial court properly declined to award damages to the Plaintiffs for timber cut

---

[1] Alfred T. Duncan and wife, Rosa L. Duncan own one tract of land. Rosa L. Duncan and Jerry Wayne Bell own the second tract of land.

[2] H. Tom Kittrell, Sr. died prior to the trial court hearing. His wife served as the executrix of his estate. The trial court ordered that the action be continued in her name.

from their land. The Plaintiffs, on the other hand, assert that the trial court erred in declining to award them damages for the timber cut from their land, and argue that they should have been awarded discretionary costs.

Since this case was tried by the trial court sitting without a jury, we review the trial court's factual findings *de novo* accompanied by a presumption of correctness unless the preponderance of the evidence is otherwise. ***Campbell v. Florida Steel Corp.***, 919 S.W.2d 26, 35 (Tenn. 1996); Tenn. R. App. P. 13(d). The trial court's legal conclusions are reviewed *de novo* with no presumption of correctness. ***Campbell***, 919 S.W.2d at 35.

The Barbers first assert that the trial court erred in not issuing findings of facts and conclusions of law as contemplated in Tennessee Rule of Civil Procedure 52.01. The Rule states: "In all actions tried upon the facts without a jury, and upon request made by any party *prior to the entry of judgment*, the court shall find the facts specially and shall state separately its conclusions of law thereon and direct the entry of the appropriate judgment. . . ." Tenn. R. Civ. P. 52.01 (emphasis added). Thus, a party seeking findings of facts and conclusions of law must make the request prior to the entry of final judgment. The record in this case includes no request prior to the trial court's final order. The only request for findings of facts and conclusions of law is contained in the Barbers' post-trial motion dated November 13, 2001. Under these circumstances, we find no error in the trial court's denial of the request for findings of fact and conclusions of law.

The Barbers next assert that the trial court erred in granting the Plaintiffs a perpetual easement across their land, noting that the Plaintiffs failed to request such an easement in their complaint. The Plaintiffs admit that they did not seek an easement, explaining that they did not do so because they sought to persuade the trial court that they owned outright the property at issue. The Plaintiffs further assert that, in the absence of a transcript or a statement of the evidence, this Court must presume that the judgment of the trial court was correct.

In this case, it is undisputed that the Plaintiffs did not seek any type of easement over the Barbers' land; rather, they sought only to establish that they owned it. It is possible, of course, for such an issue to be tried by implied consent of the parties. *See* Tenn. R. Civ. P. 15.02. In this case, however, the Plaintiffs do not argue that the issue was tried by consent. Indeed, even if they had, there is no transcript or statement of the evidence to support such an assertion. In view of the fact that the Plaintiffs did not seek an easement over the Barbers' land, this portion of the trial court's decision must be reversed.

The Barbers next assert that the trial court failed to adjudicate their counterclaim for damages. They argue that this issue remains unresolved and the trial court's order is therefore not final and appealable. In their counterclaim, the Barbers requested "damages under the Harsh Rule for the unlawful taking of the timber from their land, and caused erosion of the yard around their house." The trial court's final order did not address this claim. The Barbers then filed a post-trial motion requesting that the trial court adjudicate their counterclaim. This motion was denied. Under all of these circumstances, we find that the trial court considered the request for damages and

declined to make such an award. Therefore, all the claims and the rights and liabilities of all the parties have been adjudicated, and the case is properly before this Court. *See* Tenn. R. Civ. P. 54.02.

The Plaintiffs argue that the trial court erred in denying their claim for damages. They argue their post-trial motion to alter or amend refers to certain testimony from the trial, and that the testimony cited demonstrates that they are entitled to a judgment against Qualls for $3,500. In the absence of a trial transcript or a statement of the evidence, however, we must presume that "the record, had it been preserved, would have contained sufficient evidence to support the trial court's factual findings." *Sherrod v. Wix*, 849 S.W.2d 780, 783 (Tenn. Ct. App. 1992). Under these circumstances, we must presume that the trial court's implicit denial of the Plaintiffs' request for damages was supported by the evidence at trial.

Plaintiffs next argue that the trial court erred in denying their request for discretionary costs. The technical record indicates that the Plaintiffs requested $760.80 in discretionary costs for the expert testimony of their surveyor. As the term implies, these costs are to be awarded at the trial court's discretion, and the award will not be overturned unless it evinces an abuse of that discretion. Stalsworth v. Grummons, 36 S.W.3d 832, 835 (Tenn. Ct. App. 2001) (citing Perdue v. Green Branch Mining Co., 837 S.W.2d 56, 60 (Tenn. 1992)). The limited record includes no basis for finding that the trial court abused its discretion in declining to award costs to the Plaintiffs. Therefore, this decision is affirmed. The remaining issues raised on appeal are pretermitted.

The decision of the trial court is affirmed in part and reversed in part as set forth above. Costs are taxed one-half to the appellants, Jerry Barber and wife, Margie Barber, and their surety, and one-half to the appellees, Yvonne Elizabeth Qualls, Alfred T. Duncan, Rosa L. Duncan, and Jerry Wayne Bell, for which execution may issue, if necessary.

_____
HOLLY KIRBY LILLARD, J.