IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
November 7, 2006 Session

## SHERRI DYER KENDALL v. LANE COOK, M.D.

**Direct Appeal from the Circuit Court for Knox County**
**No. 2-750-01    Hon. Harold Wimberly, Circuit Judge**

**No. E2005-02763-COA-R3-CV - FILED DECEMBER 6, 2006**

This is an appeal contesting the award of discretionary costs by the Trial Court. We affirm.

**Tenn. R. App. P.3 Appeal as of Right; Judgment of the Circuit Court Affirmed.**

HERSCHEL PICKENS FRANKS, P.J., delivered the opinion of the court, in which D. MICHAEL SWINEY, J., and SHARON G. LEE, J., joined.

Arthur F. Knight, III., Knoxville, Tennessee, for appellant.

F. Laurens Brock, David J. Ward and Dallas Scott, III., Chattanooga, Tennessee, for appellee.

**OPINION**

Plaintiff/Appellant, had sued Dr. Lane Cook, the Defendant/Appellee, alleging malpractice. *Kendall v. Cook*, No. E2003-02227-COA-R3-CV, 2004 WL 1626256, (Tenn. Ct. App. July 21, 2004). At the close of plaintiff's proof in that trial, the defendant moved for a directed verdict, which was granted and this Court affirmed. *Id.* at *1. Defendant filed a timely Motion for Discretionary Costs and sought to recover $18,949.97 in costs for expert witnesses and court reporters. Attached to the Motion was a list of individual fees constituting the total costs sought, and a Declaration signed by the defendant's attorney stating, "I declare under penalty of perjury that the foregoing costs are correct and were necessarily incurred in this action and that the services for which fees have been charged were actually and necessarily performed." Also attached were invoices evidencing the listed services.

The Trial Court then entered an Order awarding discretionary costs in the amount of $14,249.97, and this Appeal ensued. These issues are raised on appeal:

A.      Whether the Circuit Court should have denied the Defendant's Motion for Discretionary Costs because it was not supported by an affidavit stating that the requested charges were reasonable and necessary.

B.      Whether the Circuit Court erred in awarding stand-by fees for the Defendant's experts.

C.      Whether the Circuit Court should have disallowed certain costs involving experts who testified as fact witnesses and court reporter fees for unnecessary depositions.

D.      Whether the Defendant's trial strategy warrants depriving the Defendant of Rule 54 relief.

"Pursuant to [R]ule 54.04, trial courts are vested with wide discretion in awarding discretionary costs, and this court will not interfere with such an award except upon an affirmative showing that the trial court abused its discretion." *Sanders v. Gray*, 989 S.W.2d 343, 345 (Tenn. Ct. App. 1998). An abuse of discretion is established when the Trial Court's decision is based upon an incorrect legal standard, illogical or unjust reasoning, or a clearly erroneous assessment of the evidence. *Mass. Mut. Life Ins. Co. v. Jefferson*, 104 S.W.3d 13, 35 (Tenn. Ct. App. 2002). The party taking issue with the trial court's decision bears the burden of showing that the trial court abused its discretion. *Sanders*, 989 S.W.2d at 345.

Discretionary costs allowable are: reasonable and necessary court reporter expenses for depositions or trials, reasonable and necessary expert witness fees for depositions (or stipulated reports) and for trials, reasonable and necessary interpreter fees for depositions or trials, and guardian ad litem fees; travel expenses are not allowable discretionary costs." Tenn. R. Civ. P. 54.04(2).

[W]hen deciding whether to award discretionary costs under Tenn. R. Civ. P. 54.04(2), the courts should (1) determine whether the party requesting the costs is the "prevailing party," (2) limit awards to the costs specifically identified in the rule, (3) determine whether the requested costs are necessary and reasonable, and (4) determine whether the prevailing party has engaged in conduct during the litigation that warrants depriving it of the discretionary costs to which it might otherwise be entitled. The courts should not, however, base their decisions to award costs under Tenn. R. Civ. P. 54.04(2) on (1) a desire to punish the losing party, (2) whether the prevailing party is the plaintiff or defendant, or (3) the weight given to a particular witness's testimony.
        The party seeking to recover its costs under Tenn. R. Civ. P. 54.04(2) has the burden of demonstrating that it is entitled to recover these costs. As a general matter,

> a party seeking these costs must file a timely motion and must support this motion with an affidavit detailing these costs, verifying that they are accurate and that they have actually been charged, and that they are necessary and reasonable. Once a party seeking costs under Tenn. R. Civ. P. 54.04(2) has filed its motion, the non-moving party may present evidence and argument challenging the requested costs.

*Mass. Mut. Life Ins. Co. v. Jefferson*, 104 S.W.3d 13, 35-36 (Tenn. Ct. App. 2002) (footnotes and citations omitted).

.

The plaintiff argues the Trial Court should have denied the defendant's motion because the defendant supported the motion with a Declaration under penalty of perjury instead of an affidavit. Previously, this Court has addressed motions for discretionary costs, unsupported by an affidavit. *DePriest v. 1717-19 W. End Assocs.*, 951 S.W.2d 769 (Tenn. Ct. App. 1997); *Carpenter v. Klepper*, No. M2004-02951-COA-R3-CV, 2006 WL 684589 (Tenn. Ct. App. Oct. 2, 2006). In *DePriest,* the prevailing party filed an affidavit supporting its motion for attorney's fees, but the affidavit did not support its motion for discretionary costs. *DePriest*, 951 S.W.2d at 774-75. We reversed the trial court's award of discretionary costs not only because there was no supporting affidavit, but also because the prevailing party failed to cite any evidence in the record supporting the award of those costs. *Id.* at 775. In *Carpenter*, the prevailing party failed to provide any affidavit supporting the motion. *Carpenter*, No. M2004-02951-COA-R3-CV, 2006 WL 684589, at *16. We reversed the trial court's award of discretionary costs not because there was no affidavit, but because there was no affidavit and the exhibit to the motion did not provide sufficient detail to support the award of costs. *Id. DePriest* and *Carpenter* demonstrate that what is fatal to a motion for discretionary costs is not the failure to provide an affidavit, but the failure to provide sufficiently detailed evidence.

The Plaintiff cites *Mass. Mut. Life Ins. Co.* for the notion that a motion for discretionary costs is void unless supported by an affidavit. *Mass. Mut. Life Ins. Co.* states, "As a general matter, a party seeking these costs must file a timely motion and must support this motion with an affidavit detailing these costs, verifying that they are accurate and that they have actually been charged, and that they are necessary and reasonable." *Id.* at 36. This language does not make affidavits mandatory, it simply describes the generally followed, and preferable, practice used to support such motions. All that Tenn. R. Civ. P. 54.04(2) requires is that the prevailing party file and serve a motion within thirty days after entry of the judgment. The Rule does not make any mention of an affidavit. Tenn. R. Civ. P. 54.04(2) (2005). An affidavit is the preferable method for the prevailing party to satisfy its burden of proof.[1]

The Defendant supported his Motion for Discretionary Costs with approximately 20 invoices showing the individual charges constituting the total costs sought. Each invoice shows the

---

[1]This is analogous to awards of attorney's fees, where "it is preferable to prove the reasonableness of such fees through the affidavit of the attorney doing the work, [but] the Court can determine a reasonable fee upon consideration of all facts and circumstances presented by the record." *Hennessee v. Wood Group Enters., Inc.*, 816 S.W.2d 35, 37 (Tenn. Ct. App. 1991).

amount actually charged and the purpose for incurring the individual cost. This detailed evidence allowed the Circuit Court to determine whether discretionary costs were appropriate. *Stalsworth v. Grummons*, 36 S.W.3d 832, 836 n.5 (Tenn. Ct. App. 2000) (finding that a motion for discretionary costs supported by invoices was sufficient to shift the burden of proof to the non-prevailing party). We conclude the Defendant's failure to include an affidavit is not fatal to his Motion.

In *Stalsworth v. Grummons*, 36 S.W.3d 832 (Tenn. Ct. App. 2000), we held that a "nontestifying expert's fee for reserving time to testify" could be deemed a reasonable and necessary discretionary cost. *Id.* at 835. Plaintiff argues that no act attributable to the plaintiff prevented the defendant from calling his defense experts; therefore, the Trial Court erred in awarding stand-by fees. The Plaintiff cites *Stalsworth* for the proposition that trial courts may award stand-by fees charged by expert witnesses only if the non-prevailing party's conduct prevented those witnesses from testifying. Essentially, the plaintiff argues for application of a bright-line rule prohibiting recovery of such fees anytime the witnesses' testimony becomes unnecessary due to any conduct on the prevailing party's part.

In contrast to the plaintiff's interpretation, the real goal of *Stalsworth* was not to create bright-line rules, but to prevent them. In *Stalsworth*, the court awarded stand-by fees charged by experts who were on call to testify, but did not actually testify because the non-prevailing party voluntarily dismissed its lawsuit. *Id.* at 833-34. The non-prevailing party argued that trial courts could award fees charged by expert witnesses only if the witnesses actually testified at a deposition or trial. *Id.* at 834. We declined to adopt such a bright-line rule reasoning that "[c]ourts interpreting the language of Rule 54.04(2) have consistently made individualized determinations regarding the reasonableness and necessity of the fees, rather than applying any bright line rule." *Id.* at 835. We concluded that "[i]n exercising the broad discretion given to it by Rule 54.04, the trial court must consider such factors as the import of the evidence, the availability of the expert, and the reason for the expert's failure to testify." *Id.* Accordingly, the expert's failure to testify is only one factor to consider; it is not the basis for a conclusive, bright-line rule.

Here the experts failed to testify because the Circuit Court granted the defendant's motion for directed verdict. Although the defendant initiated this course of events, the defendant could not assume that the motion would be granted, and needed to have his witnesses on stand-by. Additionally, the record contains no evidence that the stand-by fees or proposed testimony were unreasonable or unnecessary. The record only contains unrefuted evidence of the amounts charged by the experts for their availability. We conclude that the Trial Court did not abuse its discretion in awarding stand-by fees to the defendant.

The plaintiff argues that the defendant's Motion for Discretionary Costs attempted to recover charges for three physicians[2] who were fact witnesses, not expert witnesses. These charges totaled $2,050.00. Plaintiff also argues that the defendant's Motion attempted to recover court

---

[2]These physicians are Lee McDaniel, M.D., Udit Chadhuri, M.D., and Kenneth Jobson, M.D.

reporter charges for unnecessary depositions. These charges totaled $2,641.67. The plaintiff asserts that these charges should be disallowed because the defendant is not entitled to recover fees for either fact witnesses or unnecessary depositions. Defendant asserts that the Trial Court already disallowed these charges.

The defendant's Motion requested $18,949.97 in discretionary costs. The Trial Court awarded $14,249.97. The charges at issue total $4,691.67. It is apparent that the Trial Court rounded this figure off to $4,700.00 and subtracted it from $18,949.97 to arrive at the difference of $14,249.97. Accordingly, the Trial Court disallowed the costs at issue, and the plaintiff's argument is moot.

Finally, plaintiff argues the defendant should be denied Rule 54 relief because he moved for a directed verdict at trial instead of moving for summary judgement prior to trial. The plaintiff reasons that a motion for summary judgment would have been successful and would have prevented the costs which the defendant now seeks. We are not persuaded. The plaintiff initiated this lawsuit; and cannot blame the defendant for the resulting trial. Assuming *arguendo* that such blame could be placed upon the defendant, that fact alone would not relieve plaintiff from paying discretionary costs. *See Woodlawn Mem'l Park, Inc. v. Keith*, 70 S.W.3d 691, 698 (Tenn. 2002) (holding that "[n]on-prevailing party defendants are not relieved from paying discretionary costs merely because a plaintiff has obliged them to appear in court"). We hold that the defendant's conduct did not warrant depriving him of recovering his discretionary costs.

The Judgment of the Trial Court is affirmed and the cause remanded. The cost of the appeal is assessed to the plaintiff, Sherri Dyer Kendall.

_____
HERSCHEL PICKENS FRANKS, P.J.