# IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE
### August 24, 2017 Session

## JOHN B. EVANS v. PIEDMONT NATURAL GAS CO., INC.

**Appeal from the Circuit Court for Davidson County**
**No. 13C4240      Kelvin Jones, Judge**

---

### No. M2017-00123-COA-R3-CV

---

John B. Evans ("Plaintiff") appeals the December 13, 2016 order of the Circuit Court for Davidson County ("the Trial Court") granting summary judgment to Piedmont Natural Gas Co., Inc. ("Piedmont") after finding and holding that there was no evidence that Piedmont or its agent had committed any intentional, reckless, or malicious act which caused the damages claimed by Plaintiff. Plaintiff additionally raises an issue regarding the Trial Court's grant of discretionary costs to Piedmont, which included costs taxed to Piedmont by this Court in a previous appeal. We find and hold that Piedmont made a properly supported motion for summary judgment and that Plaintiff failed to demonstrate specific facts in the record showing that Piedmont or its agent had committed any intentional, reckless, or malicious act. We, therefore, affirm the grant of summary judgment. We further find and hold that costs taxed to Piedmont by this Court in the previous appeal are not properly included in an award of discretionary costs pursuant to Tenn. R. Civ. P. 54.04. We, therefore, modify the award of discretionary costs by reducing the discretionary costs from $1,133.00 to $643.00.

### Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed as Modified; Case Remanded

D. MICHAEL SWINEY, C.J., delivered the opinion of the court, in which RICHARD H. DINKINS and THOMAS R. FRIERSON, II, JJ., joined.

Keith C. Dennen, Nashville, Tennessee, for the appellant, John B. Evans.

William B. Jakes, III, Nashville, Tennessee, for the appellee, Piedmont Natural Gas Co., Inc.

# OPINION

## Background

This is the second time that this case has been before us on appeal. By way of background, we quote from our Opinion in the first appeal, *Evans v. Piedmont Natural Gas Co., Inc.* ("*Evans I*"), wherein we stated:

> In 1984, a contractor for Nashville Gas Company ("Nashville Gas") installed a natural gas pipeline through the west side of property now owned by John Evans. At some point, which is not clear from the record, a sewer line was also installed on the west side of the property. Mr. Evans acquired the property in March 2012.
>
> In January 2013, sewage overflowed into the basement of the home located on Mr. Evans's property. In response to the overflow, Mr. Evans called a plumber who excavated the sewer line. Mr. Evans claims the excavation revealed that the sewer line had been damaged with a backhoe or similar machine. According to Mr. Evans, no dig permits for his property had been issued except for the gas line installation by Nashville Gas in 1984. Therefore, he asserts that Nashville Gas must have damaged his sewer line during the installation of the gas line in 1984. He also alleges that the installer improperly used plastic joint tape to repair the damage and buried the line nearly three feet deep.
>
> On June 26, 2013, Mr. Evans sued Piedmont Natural Gas Company ("Piedmont") in Davidson County General Sessions Court. In its entirety, his general sessions warrant stated that he sought:
>
> > Damages due to the intentional destruction of property to wit; a sewer line, in connection with the installation of a gas pipeline by the Defendant and/or its agents, and the intentional concealment of said destruction, and damages accruing from the backup of waste into the home as a result of that destruction, together with the consequential and punitive damages, all in an amount under $25,000.00 dollars.
>
> On August 19, 2013, the general sessions court awarded Mr. Evans $4,179.40 in compensatory damages. Then, after a separate hearing conducted two months later, the court awarded Mr. Evans $10,000 in punitive damages.

2

On October 14, 2013, Piedmont appealed the general sessions court's decision to the circuit court. Piedmont moved for summary judgment on March 18, 2014, on the following grounds: (1) Piedmont was not liable for acts of its predecessor, Nashville Gas; (2) the statute of repose, Tennessee Code Annotated § 28–3–202, barred Mr. Evans's claim; and (3) Mr. Evans failed to allege facts to support his request for punitive damages. Both parties agree that the following relevant facts are undisputed:

[ ] In 1984, gas service was extended to Cash Lane which intersects with Due West Avenue at the location of the plaintiff's property..... [sic]
[ ] The gas line installation on Cash Lane in 1984 was performed by Holmes Construction Company, a contractor hired by Nashville Gas....
[ ] Piedmont has not serviced or repaired the gas line on Cash Lane near, or in the vicinity of, plaintiff's sewer line since 1984.
[ ] Other than the permit issued for the installation of the natural gas pipeline by Piedmont, no other "dig permits" had been issued for the Evans Property between 1980 and 2013.

After conducting a hearing, the court granted Piedmont's motion for summary judgment. As grounds for summary judgment, the court's order stated in relevant part:

The court determined that there was no genuine issue as to any material fact which supported the plaintiff's theories of recovery against Piedmont. There is no evidence in the record that Piedmont or its predecessor, the Nashville Gas Company, damaged the sewer line in question, repaired the sewer line in question or intentionally concealed any damage or repair to the sewer line in question. There is no proof in the record that the sewer line was damaged at the time of the gas installation in 1984. There is no proof in the record that either Piedmont or the predecessor, the Nashville Gas Company, was ever aware of any damage to the sewer line at any time before 2013 when the problem which is the subject of plaintiff's claim began.

The court was also of the opinion that the plaintiff's claims were barred by the 4 year statute of repose, T.C.A. §

3

28–3–202. The gas line in question was installed in 1984 and the damages which are the basis of the plaintiff's claim occurred in 2013.

....

The court was further of the opinion that there was no genuine issue as to any material fact on the plaintiff's claims for punitive damages. The court determined that there was no factual or legal basis for punitive damages under the criteria of *Hodges v. S.C. Toof & Co.*, 833 S.W.2d 896 (Tenn. Ct. App. 1992).

*Evans v. Piedmont Natural Gas Co., Inc.*, No. M2014-01099-COA-R3-CV, 2015 WL 9946268, at **1-2 (Tenn. Ct. App. Aug. 18, 2015), *Rule 11 appl. perm. appeal denied Jan. 20, 2016*.

In *Evans I*, this Court affirmed the grant of summary judgment on the issue of punitive damages, but vacated the grant of summary judgment on the other grounds after finding and holding that Piedmont as the surviving company by merger to Nashville Gas Company was responsible for Nashville Gas Company's liabilities and that the Trial Court had improperly limited Plaintiff's discovery. *Id*. at **7-8. We remanded the case to allow Plaintiff to conduct further discovery and for further proceedings. *Id*.

Upon remand, the Trial Court entered a Case Management Order memorializing the parties' agreement to dates for completion of written discovery, depositions, and expert disclosures, among other things. After the time deadlines had passed for written discovery, depositions, and expert disclosures, Piedmont filed a motion for summary judgment alleging that Plaintiff could not prove any intentional conduct on the part of Piedmont or its agents that caused the damages of which Plaintiff complained. In response to the motion for summary judgment, Plaintiff filed, among other things, his own affidavit, photographs he had taken showing the damaged sewer line, and copies of records of Tennessee One Call with respect to Plaintiff's property from 1984 through 2013 documenting over fifty calls by various utilities and others.

After a hearing, the Trial Court entered its order on December 13, 2016 granting summary judgment to Piedmont after finding and holding that "there is no evidence that the defendant or any entity whose acts it may be responsible for was guilty of any intentional, reckless or malicious act which caused the damages claimed by the plaintiff." On December 22, 2016, the Trial Court entered an order granting Piedmont's motion for discretionary costs. Plaintiff appeals to this Court.

## Discussion

Although not stated exactly as such, Plaintiff raises two issues on appeal: 1) whether the Trial Court erred in granting summary judgment to Piedmont; and, 2) whether the Trial Court erred in its award of discretionary costs to Piedmont. Piedmont raises an additional issue regarding whether Plaintiff's appeal is frivolous.

We first consider whether the Trial Court erred in granting summary judgment to Piedmont. As our Supreme Court has instructed:

> Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Tenn. R. Civ. P. 56.04. We review a trial court's ruling on a motion for summary judgment de novo, without a presumption of correctness. *Bain v. Wells*, 936 S.W.2d 618, 622 (Tenn. 1997); *see also Abshure v. Methodist Healthcare–Memphis Hosp.*, 325 S.W.3d 98, 103 (Tenn. 2010). In doing so, we make a fresh determination of whether the requirements of Rule 56 of the Tennessee Rules of Civil Procedure have been satisfied. *Estate of Brown*, 402 S.W.3d 193, 198 (Tenn. 2013) (citing *Hughes v. New Life Dev. Corp.*, 387 S.W.3d 453, 471 (Tenn. 2012)).

* * *

> [I]n Tennessee, as in the federal system, when the moving party does not bear the burden of proof at trial, the moving party may satisfy its burden of production either (1) by affirmatively negating an essential element of the nonmoving party's claim or (2) by demonstrating that the nonmoving party's evidence *at the summary judgment stage* is insufficient to establish the nonmoving party's claim or defense. We reiterate that a moving party seeking summary judgment by attacking the nonmoving party's evidence must do more than make a conclusory assertion that summary judgment is appropriate on this basis. Rather, Tennessee Rule 56.03 requires the moving party to support its motion with "a separate concise statement of material facts as to which the moving party contends there is no genuine issue for trial." Tenn. R. Civ. P. 56.03. "Each fact is to be set forth in a separate, numbered paragraph and supported by a specific citation to the

5

record." *Id*. When such a motion is made, any party opposing summary judgment must file a response to each fact set forth by the movant in the manner provided in Tennessee Rule 56.03. "[W]hen a motion for summary judgment is made [and] . . . supported as provided in [Tennessee Rule 56]," to survive summary judgment, the nonmoving party "may not rest upon the mere allegations or denials of [its] pleading," but must respond, and by affidavits or one of the other means provided in Tennessee Rule 56, "set forth specific facts" *at the summary judgment stage* "showing that there is a genuine issue for trial." Tenn. R. Civ. P. 56.06. The nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co.*, 475 U.S. at 586, 106 S. Ct. 1348. The nonmoving party must demonstrate the existence of specific facts in the record which could lead a rational trier of fact to find in favor of the nonmoving party. If a summary judgment motion is filed before adequate time for discovery has been provided, the nonmoving party may seek a continuance to engage in additional discovery as provided in Tennessee Rule 56.07. However, after adequate time for discovery has been provided, summary judgment should be granted if the nonmoving party's evidence *at the summary judgment stage* is insufficient to establish the existence of a genuine issue of material fact for trial. Tenn. R. Civ. P. 56.04, 56.06. The focus is on the evidence the nonmoving party comes forward with at the summary judgment stage, not on hypothetical evidence that theoretically could be adduced, despite the passage of discovery deadlines, at a future trial.

*Rye v. Women's Care Cntr. of Memphis, MPLLC*, 477 S.W.3d 235, 250, 264-65 (Tenn. 2015).

Piedmont made a properly supported motion for summary judgment alleging that Plaintiff could not prove any intentional conduct on the part of Piedmont or its agents that caused the damages of which Plaintiff complained. The burden then shifted to Plaintiff to show genuine disputed issues of material fact showing an intentional act of Piedmont or its agent which caused the damages of which Plaintiff complains. Importantly, Plaintiff sued only for intentional destruction and intentional concealment of said destruction. Plaintiff's complaint did not allege any negligent conduct, or any conduct other than intentional conduct.

Plaintiff failed to produce any evidence showing any intentional conduct on the part of Piedmont or its agent. In his brief on appeal, Plaintiff argues that "there is no question that the person or entity that damaged, 'repaired' and then buried the sewer line acted intentionally, recklessly and maliciously." Plaintiff, however, failed to show that

6

the person or entity who damaged, repaired, and buried the sewer line was Piedmont or an entity for whose actions Piedmont would be liable. We note that despite Plaintiff's successful argument in *Evans I* that the Trial Court erred in granting summary judgment before he had a chance to complete certain very specific discovery, Plaintiff undertook no additional depositions or written discovery of any type after the remand to the Trial Court.

In his reply brief on appeal, Plaintiff asserts that the sewer line was installed in 1980, that in 1984 a natural gas line was installed, that the alleged damage occurred at the intersection of the sewer line and the natural gas pipeline, and that between 1984 and 2013, "the Metropolitan Government of Nashville and Davidson County, Tennessee did not issue any permits authorizing excavation on the Evans property." Plaintiff argues that the facts provide circumstantial evidence that shows that it is more likely than not that Piedmont or its agent caused the damages of which Plaintiff complains. We respectfully disagree with Plaintiff as the evidence presented to the Trial Court at this time can lead to nothing but pure speculation as to who caused the damage to the sewer line. Was it done in the initial installation? Was it done by someone digging without obtaining the required permit? Was it done when the natural gas line was installed? The answers to those questions are pure speculation.

Plaintiff has failed to produce at the summary judgment stage any evidence showing any intentional, malicious, or reckless act on the part of Piedmont, its agent, or any entity. As Plaintiff's suit was solely for intentional destruction and intentional concealment of said destruction, and Plaintiff failed to produce any evidence of genuine disputed issues of material fact showing any such intentional conduct by Piedmont or its agent, we find no error in the Trial Court's grant of summary judgment to Piedmont.

Next, we consider whether the Trial Court erred in awarding discretionary costs to Piedmont. Plaintiff raises two arguments with regard to this issue. First, Plaintiff argues that the equities do not favor an award of discretionary costs. Second, Plaintiff argues that the Trial Court improperly included costs taxed to Piedmont by this Court in *Evans I*. We will discuss these arguments in turn.

We review a Trial Court's decision to award discretionary costs for abuse of discretion. *Quebecor Printing Corp. v. L & B Mfg. Co.*, 209 S.W.3d 565, 583 (Tenn. Ct. App. 2006). As this Court has explained:

> Tenn. R. Civ. P. 54.04(2) permits prevailing parties in civil actions to recover "discretionary costs." The purpose of this provision is not to punish the losing party but rather to help make the prevailing party whole. *Owens v. Owens*, 241 S.W.3d 478, 496–97 (Tenn. Ct. App. 2007); *Scholz v.*

7

*S.B. Int'l, Inc.*, 40 S.W.3d 78, 85 (Tenn. Ct. App. 2000). The particular equities of the case may influence a trial court's decision to award discretionary costs, *Perdue v. Green Branch Mining Co.*, 837 S.W.2d 56, 60 (Tenn. 1992), and, therefore, parties are not entitled to discretionary costs simply because they prevail. *Scholz v. S.B. Int'l, Inc.*, 40 S.W.3d at 85; *Sanders v. Gray*, 989 S.W.2d 343, 345 (Tenn. Ct. App. 1998).

> The party seeking discretionary costs has the burden of convincing the trial court that it is entitled to these costs. *Carpenter v. Klepper*, 205 S.W.3d 474, 490 (Tenn. Ct. App. 2006); *Stalsworth v. Grummons*, 36 S.W.3d 832, 835 (Tenn. Ct. App. 2000). As a general matter, a party seeking discretionary costs can carry its burden by filing a timely and properly supported motion demonstrating (1) that it is the prevailing party, (2) that the costs being sought are included in Tenn. R. Civ. P. 54.04(2), (3) that the costs are necessary and reasonable, and (4) that it has not engaged in conduct during the litigation that would justify depriving it of the costs it is requesting. *Trundle v. Park*, 210 S.W.3d 575, 582 (Tenn. Ct. App. 2006); *Waggoner Motors, Inc. v. Waverly Church of Christ*, 159 S.W.3d 42, 65–66 (Tenn. Ct. App. 2004); *Mass. Mut. Life Ins. Co. v. Jefferson*, 104 S.W.3d 13, 35–36 (Tenn. Ct. App. 2002).

*Duran v. Hyundai Motor America, Inc.*, 271 S.W.3d 178, 214–15 (Tenn. Ct. App. 2008). In pertinent part, Tenn. R. Civ. P. 54.04, provides:

> Costs not included in the bill of costs prepared by the clerk are allowable only in the court's discretion. Discretionary costs allowable are: reasonable and necessary court reporter expenses for depositions or trials, reasonable and necessary expert witness fees for depositions (or stipulated reports) and for trials, reasonable and necessary interpreter fees not paid pursuant to Tennessee Supreme Court Rule 42, and guardian ad litem fees; travel expenses are not allowable discretionary costs. . . .

Tenn. R. Civ. P. 54.04(2).

Plaintiff argues that the equities do not favor an award of discretionary costs because "Piedmont is a subsidiary of Duke Energy, one of the largest companies in the United States . . . [and] Piedmont has a guaranteed return on equity of ten (10%) percent." Plaintiff also argues that Piedmont, not Plaintiff, appealed to the Trial Court the decision from the General Sessions Court, where Plaintiff was the prevailing party.

A careful and thorough review of the record on appeal reveals that although this Court remanded *Evans I* to allow Plaintiff to conduct further discovery, Plaintiff took no steps upon remand to conduct any further discovery. Furthermore, as discussed above, Plaintiff sued only for intentional conduct and produced no evidence whatsoever showing any intentional conduct by Piedmont or its agent. We find no abuse of discretion in an award of discretionary costs to Piedmont.

We must, however, consider Plaintiff's second argument with regard to the amount of the award of discretionary costs. Plaintiff argues and Piedmont concedes that the Trial Court included costs of $490.00 taxed to Piedmont by this Court in *Evans I.* Costs taxed by this Court in a prior appeal are not included within the list of allowable discretionary costs pursuant to Tenn. R. Civ. P. 54.04. The Trial Court had no authority to tax costs already taxed by this Court. As such, it was error to include costs taxed against Piedmont by this Court in *Evans I* in the award of discretionary costs. We, therefore, modify the award of discretionary costs from the $1,133.00 awarded by the Trial Court to $643.00.

Finally, we consider Piedmont's issue regarding frivolous appeal. As Plaintiff was partially successful on one of his issues, and in the exercise of our discretion, we decline to hold this appeal frivolous.

### Conclusion

The judgment of the Trial Court is affirmed as to the grant of summary judgment and modified as to the proper amount of the award of discretionary costs, and this cause is remanded to the Trial Court for collection of the costs below. The costs on appeal are assessed one-half against the appellant, John B. Evans, and his surety; and one-half against the appellee, Piedmont Natural Gas Co., Inc.

_____
D. MICHAEL SWINEY, CHIEF JUDGE

9