Ada Florence MILES, Plaintiff–Appellee,

v.

MARSHALL C. VOSS HEALTH CARE CENTER and New York Underwriters Insurance Company, Defendants–Appellants.

Supreme Court of Tennessee, at Knoxville.

March 27, 1995.

Lynn C. Peterson, Norton & Luhn, P.C., Knoxville, for defendants-appellants.

Weldon E. Patterson, Baker, McReynolds, Byrne, Brackett, O'Kane & Shea, Knoxville, for plaintiff-appellee.

## OPINION

REID, Justice.

The primary issue presented for review in this workers' compensation case is whether the trial court abused its discretion in awarding certain expenses as discretionary costs pursuant to Tenn.R.Civ.P. 54.04(2) and Tenn. Code Ann. § 50–6–226(c)(1). The Court concludes that the judgment of the trial court should be affirmed as modified herein.

The evidence regarding injury, treatment, and disability is relevant to the issue of discretionary costs, as well as the defendant's contention that the evidence does not support the award of total permanent disability. Plaintiff, Ada Miles, a 39–year–old licensed practical nurse, sustained an injury to her low back, right shoulder and right arm while lifting a paralyzed patient on June 8, 1991, in the course and scope of her employment with the defendant, Marshall C. Voss Health Care Center. One week later, on June 15, 1991, the employee was treated for those injuries at a hospital emergency room by Dr. Stephen D. Pershing, an internal medicine specialist. She complained to Dr. Pershing of pain in her low back and in her right shoulder and arm.

In July, 1991, the employee's back condition was treated by a neurological surgeon, Dr. David Hauge, with physical therapy. She was allowed to return to work without restrictions on November 26, 1991.

On May 5, 1992, the employee returned to Dr. Hauge because of continuing problems with her right arm. Dr. Hauge referred her to Dr. Berta M. Bergia, a neurologist, for further evaluation and treatment of the arm and shoulder. Dr. Bergia diagnosed the employee as having reflex sympathetic dystrophy, a condition which Dr. Bergia described as follows:

Reflex sympathetic dystrophy is a condition in which there is an abnormality in the nerves that affect a limb—be it an arm or a leg or a particular set of nerves—in which there seems to be a short circuit between the involuntary nerves that go to the skin, the hair, the sweat glands and the blood vessels and the sensory nerves that give information regarding pain, touch and so on in the limb.

This short circuit causes a very painful condition of the limb that is affected and it also causes abnormalities of the blood vessels, the bone, the skin and the hair that leads to discoloration where the arm or leg, whatever limb is affected, can have times in which it becomes very, very pale or very, very blue. It will become cold or it will become very hot. And it can either have no sweating at all when there should

be sweating, or it can sweat profusely when there shouldn't be any sweating. And these are all out of any type of voluntary control because of the involuntary nerves that are being affected.

All three physicians, Doctors Pershing, Hauge and Bergia, confirmed the diagnosis of reflex sympathetic dystrophy. Drs. Bergia and Pershing testified that the condition was causally related to the lifting incident at work on June 8, 1991. Dr. Hauge related the back injury to the lifting of the patient, but did not causally connect, to a reasonable degree of medical certainty, the reflex sympathetic dystrophy with the lifting incident. Dr. Bergia assessed 90 percent permanent partial anatomical disability to the employee's right arm, or 54 percent to the body as a whole as a result of the reflex sympathetic dystrophy. Dr. Hauge assessed 20 percent permanent anatomical impairment to the arm, or 12 percent to the whole body, plus 7 percent to the whole body for the low back injury. A vocational disability and rehabilitation expert, Dr. Craig Colvin, testified at trial that in his opinion the employee was 100 percent vocationally disabled.

The trial court found the employee to be totally and permanently disabled. The trial court also awarded the employee $2,060.75 in discretionary costs, which included a fee of $750 to Dr. Colvin for his examination and evaluation of the employee's disability and his attendance and testimony at trial.

■ The employer appealed, contesting the trial court's finding of causation, and the award of Dr. Colvin's charges as discretionary cost. The case was referred to a Special Workers' Compensation Appeals Panel for findings of fact and conclusions of law pursuant to Tenn.Code Ann. § 50–6–225(e)(3). The Special Panel found that the record supports the trial court's finding of total and permanent disability, but disallowed Dr. Colvin's charges as discretionary cost. A *de novo* review[1], pursuant to Tenn.Code Ann.

§ 50–6–225(e)(2), shows that the evidence pertaining to causation does not preponderate against the trial court's findings, and the judgment awarding benefits for total permanent disability is affirmed. *See Perkins v. Enterprise Truck Lines, Inc.,* 896 S.W.2d 123 (Tenn.1995).

The other issue presented for review is the trial court's award of Dr. Colvin's charges as discretionary costs. The employer takes the position that such charges are not authorized by Tenn.Code Ann. § 50–6–226 and therefore cannot be recovered by the employee.

■ The Workers' Compensation Law contemplates that the injured employee's medical expenses will be paid directly to the health care provider by the employer. Tenn. Code Ann. § 50–6–204(a)(1) provides that the employer shall furnish "free of charge to the employee such medical and surgical treatment ... as may be reasonably required." Where medical expenses are contested and the employee prevails, the expenses are part of the award of benefits. *See Langford v. Liberty Mutual Ins. Co.,* 854 S.W.2d 100 (Tenn.1993).

The law also contemplates that the employer will bear the necessary expenses of obtaining and presenting medical evidence. Tenn.Code Ann. § 50–6–226(c)(1) provides that, "unless the interest of justice require otherwise," court costs to be charged against the employer shall include fees charged by "the treating physician or a specialist to whom the employee was referred for giving testimony by oral deposition."

In addition to the above statutes specifically applicable to workers' compensation claims, the general law further provides that other expenses related to the preparation and trial of a case may be allowed as costs and assessed in the discretion of the court. Rule 54.04(2), Tennessee Rules of Civil Procedure, provides:

---

1. Tenn.Code Ann. § 50–6–225(e)(5)(A) provides, in part, that "[t]he decision of the panel shall become the judgment of the supreme court thirty (30) days after it is issued unless: (A) Any member of the supreme court files with the clerk a written request within the thirty-day period that the case be heard by the entire supreme court, in

which event a final judgment will not be entered until the supreme court, after due consideration of the case, enters final judgment...." An appropriate order was filed on August 19, 1994, ordering that the case be reviewed by the full Court under § 50–6–225(e)(5)(A).

Costs not included in the bill of costs prepared by the clerk are allowable only in the court's discretion. Discretionary costs allowable are: reasonable and necessary court reporter expenses for depositions or trials, reasonable and necessary expert witness fees for depositions or trials, and guardian ad litem fees; travel expenses are not allowable discretionary costs.

In the instant case, the trial court allowed as discretionary costs assessed against the employer the charges made by a vocational rehabilitation expert for examining the injured employee and testifying in her behalf at trial. In *Lock v. National Union Fire Ins. Co.*, 809 S.W.2d 483 (Tenn.1991), a workers' compensation case, this Court approved the award as discretionary costs of a court reporter's per diem fee at trial plus the court reporter's charges for taking and transcribing the depositions of medical experts and also the fees of medical experts testifying by deposition. *Id.* at 489–90. The Court in *Lock,* construing Tenn.R.Civ.P. 54.04 as it then existed, stated:

> It was our intent that reasonable and necessary costs, in preparation and trial of a case, could be assessed as discretionary costs by the trial court. The awarding of such costs is a discretionary matter with the trial court.

> .    .    .    .    .

*Id.* at 490.

Following the *Lock* decision in 1991, Rule 54.04 was amended in 1993 to conform to the holding and spirit of that decision. *See* Advisory Commission Comment to 1993 Amendment. Rule 54.04(2) now provides as follows:

> Costs not included in the bill of costs prepared by the clerk are allowable only in the court's discretion. Discretionary costs allowable are reasonable and necessary court reporter expenses for depositions or trials, *reasonable and necessary expert witness fees for depositions or trials,* . . . .

(Emphasis added).

This Court has not before addressed the question of whether the charges of a vocational disability and rehabilitation expert for examining an employee and for testifying are recoverable as discretionary costs.

■ There is no question that Dr. Colvin served as an expert witness. In fact, the parties stipulated at trial that he was qualified to testify as a vocational disability expert. There is also no doubt that his trial testimony was important to the trial court's assessment of the extent of the employee's vocational disability. *See Corcoran v. Foster Auto GMC, Inc.,* 746 S.W.2d 452, 457 (Tenn. 1988) ("[t]he ultimate issue is not the extent of anatomical disability but that of vocational disability."). He was the only vocational expert to testify in the case. The Court referred to Dr. Colvin's testimony in its opinion and the Court's finding of permanent total disability was consistent with Dr. Colvin's finding. Thus, Dr. Colvin was a "necessary expert" within the meaning of Rule 54.04(2).

■ However, the rule specifically limits discretionary costs with regard to expert witnesses to their fees for testifying. The record reveals that Dr. Colvin met with the employee one time for the purpose of evaluating her disability. He also spent time reviewing the medical proof as part of his evaluation. He testified in person at the trial. He charged $750 for his services. The employee's motion for discretionary costs does not indicate how much of Dr. Colvin's fee was for his evaluation, and how much was for his appearance and testimony at trial. Since, as indicated above, the portion of the fee charged for evaluating the employee is not recoverable under Rule 54.04(2), but the portion of the fee charged for his trial testimony is recoverable as discretionary cost, the case must be remanded to the trial court to make this determination.

Finally, the Court is mindful that the parties have cited as authority various decisions of the Special Workers' Compensation Appeals Panel in support of their respective positions. Counsel are reminded that review of those findings of fact and conclusions of law have not been requested by either party or by a member of the Court. *See* Tenn. Code Ann. § 50–6–225(e)(5). Consequently, the Court does not view those findings and conclusions as binding on this Court.

The judgment of the trial court is affirmed as modified, and the case remanded. Costs are taxed against the defendants-appellants.

DROWOTA and BIRCH, JJ., and O'BRIEN, Special Justice, concur.

ANDERSON, C.J., not participating.