IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
March 29, 2006 Session

## RICHARD S. PARKER v. MARGARET MARY BRENNAN

**Direct Appeal from the Circuit Court for Davidson County**
**No. 04C-328, Barbara Haynes, Circuit Judge**

---

**No. M2005-01376-COA-R3-CV - Filed April 19, 2006**

---

On this appeal, the Appellant challenges the award by the trial court of expenses totaling $2,611.42, for videotaping discovery depositions and other related video services as discretionary costs pursuant to Rule 54.04, Tennessee Rules of Civil Procedure. This amount was awarded in addition to expenses for stenographic transcripts of the same depositions. Finding expenses related to videotaping and video related services not specifically identified as allowable expenses within the rule, we modify the trial court's award to delete those expenses.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Trial Court Affirmed as Modified.**

DONALD P. HARRIS, SR. J., delivered the opinion of the court, in which David R. Farmer, and HOLLY M. KIRBY, JJ., joined.

Charles J. Williams and Erik O. Thorngren, Nashville, Tennessee, for Appellant, Richard S. Parker.

Noel F. Stahl and Jeffrey Zager, Nashville, Tennessee, for Appellee, Margaret Mary Brennan.

### OPINION

PROCEDURAL BACKGROUND

On February 4, 2004, the Plaintiff, Richard S. Parker, filed a medical malpractice action against the Defendant, Margaret M. Brennan, M. D., in the Davidson County Circuit Court. Trial of the action began on April 11, 2005. On the fourth day of the trial, April 14, 2005, the Plaintiff voluntarily dismissed his case without prejudice.

Defendant filed a motion for discretionary costs totaling $10,242.82, pursuant to Rule 54.04, Tennessee Rules of Civil Procedure. Included in this amount were expenses related to the videotaping of discovery depositions. Specifically, the Defendant sought $1,183.72 for the videotaping of the Plaintiff's deposition, editing the video to synchronize the deposition with the written transcript so they could be simultaneously displayed to the jury and transferring the video and transcript to CD-R disks. The Defendant also had the discovery deposition of Plaintiff

stenographically recorded and transcribed at an expense of $1,258.50.

The Defendant also sought $1,177.00 for the videotaping of a discovery deposition of Dr. Paul DiLorenzo, an expert witness for the plaintiff. This expense included video sychronization, shipping and an archiving fee. Dr. DiLorenzo's deposition was also stenographically recorded at an expense of $2,036.25. Additionally, the Defendant requested $163.88 for a CD-ROM version of the videotaped discovery deposition of Dr. Joseph L. Fredi, an expert witness for the Defendant that was taken by and videotaped at the request of the Plaintiff. The Defendant obtained a stenographic transcript of this deposition at an expense of $174.25. Finally, the Defendant requested $86.82 for the video duplication of the discovery deposition of Dr. D. Douglas Miller, an expert witness for the Defendant, that was taken by plaintiff. Defendant obtained a stenographic transcript of this deposition at an expense of $237.50.

Plaintiff filed a response to the Defendant's motion for discretionary costs, contesting the expenses enumerated above relating to videotaping and video related services and totaling $2,611.42. Plaintiff did not contest any of the expenses related to the stenographic recording, transcription or the duplication of stenographic transcripts. The trial court heard arguments on Defendant's motion for discretionary costs and granted all the costs requested including the expenses relating to videotaping and video related services. The trial court entered its order awarding $10,242.82 in discretionary costs. From this order, the Plaintiff has appealed.

ANALYSIS

Rule 54.04 (2), Tennessee Rules of Civil Procedure provides:

> Costs not included in the bill of costs prepared by the clerk are allowable only in the court's discretion. Discretionary costs allowable are: reasonable and necessary court reporter expenses for depositions or trials, reasonable and necessary expert witness fees for depositions (or stipulated reports) and for trials, reasonable and necessary interpreter fees for depositions or trials, and guardian ad litem fees; travel expenses are not allowable discretionary costs.

While the rule refers to costs not included in the bill of costs prepared by the clerk as "discretionary costs", a review of the appellate decisions reviewing the issue reveals that identifying allowable costs is not discretionary with the trial court. Rather, the allowable expenses that may be awarded are those specifically identified in the rule. *Miles v. Marshall C. Voss Health Care Ctr.*, 896 S.W.2d 773, 776 (Tenn. 1995); *Massachusetts Mut. Life Ins. Co. v. Jefferson*, 104 S.W.3d 13, 35 (Tenn. Ct. App. 2002); *Shahrdar v. Global Hous., Inc.*, 983 S.W.2d 230, 239-40 (Tenn. Ct. App. 1998); *Duncan v. DeMoss*, 880 S.W.2d 388, 389 (Tenn. Ct. App. 1994). Thus, trial court decisions of what expenses are allowable appear to have been reviewed as questions of law.[1] See, e.g. *Miles v.*

---

[1]Alternatively, it has been suggested that the failure of a trial court to follow the specific provisions of Rule 54.04 (2), is the application of an incorrect legal standard and amounts to an abuse of discretion. *Woodlawn Mem'l Park, Inc. v. Keith*, 70 S.W.3d 691, 698 (Tenn. 2002). It follows that determining the correct legal standard involves a question of law and is reviewable as such.

*Marshall C. Voss Health Care Ctr.*, 896 S.W.2d at 776; *Shahrdar v. Global Hous., Inc.*, 983 S.W.2d at 239-40. Questions of law are reviewed *de novo* with no presumption of correctness. *Cunningham v Shelton Sec. Services, Inc.*, 958 S.W.2d 338, 340 (Tenn. 1997); *Ridings v. Ralph M. Parsons Co.*, 914 S.W.2d 79, 80 (Tenn.1996). A trial court's decision whether to award a party "allowable" discretionary costs does rest within the sound discretion of the trial judge and will not be disturbed absent an abuse of discretion. *Lock v. National Union Fire Ins. Co.*, 809 S.W.2d 483 (Tenn. 1991).

The visual presentation of evidentiary depositions especially when coupled with the simultaneous visual display of the transcription of that testimony would certainly appear to enhance the degree of attentiveness and comprehension by the trier of fact in a civil proceeding. Obviously, the parties to this case both felt such a presentation would contribute to the better understanding of the testimony by the jury that would try this case. Whether the inclusion of such expenses as allowable discretionary costs would be desirable is not for this court to decide. The rule making authority for the courts of this state is vested in our supreme court. Tenn. Code Ann. § 16-4-302.[2] It is, therefore, for that court to determine whether such expenses should be allowable. Since the present rule does not specifically provide for the awarding of expenses relating to videotaping depositions or video related services, those expenses may not be awarded as discretionary costs. See *Russell v. Brown*, 2005 LEXUS 498, No. E2004-01855-COA-R3-CV, 2005 WL 1991609, *13 (Tenn. App. Aug. 18, 2005).

### CONCLUSION

The judgment of the trial court is modified by excluding from the award of discretionary costs the sum of $2,611.42 for expenses related to videotaping depositions and other video related services. The case is remanded to the trial court for entry of an appropriate order awarding the remaining discretionary costs.

_____
DONALD P. HARRIS, SENIOR JUDGE

---

[2]Tennessee Code Annotated section 16-3-402 provides that the "supreme court has the power to prescribe by general rules the forms of process, writs, pleadings and motions, and the practice and procedure in all of the courts of this state in all civil and criminal suits, actions and proceedings."