IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
April 21, 2010 Session

## ELLA G. ALEXANDER WADE v. FELICE A. VABNICK, M.D.

**Direct Appeal from the Circuit Court for Shelby County**
**No. CT-006324-03    James F. Russell, Judge**

_____

**No. W2009-02273-COA-R3-CV - Filed May 24, 2010**

_____

This is an appeal from the trial court's award of discretionary costs. Appellant/Plaintiff voluntarily dismissed her claim without prejudice prior to trial, and Appellee/Defendant filed a motion for discretionary costs, which motion the trial court granted. Finding that Appellee/Defendant did not meet her burden of proof, and that the trial abused its discretion in awarding certain discretionary costs that are not contemplated by Tenn. R. Civ. P. 54.04, we modify the award to reflect a total discretionary fee award of $3,851.15. Affirmed as modified herein.

**Tenn. R. App. P. 3. Appeal as of Right; Judgment of the Circuit Court Affirmed in Part and Reversed in Part**

J. STEVEN STAFFORD, delivered the opinion of the Court, in which DAVID R. FARMER, J., and HOLLY M. KIRBY, J., joined.

W. Lewis Jenkins, Jr., Dyersburg, Tennessee, and Wendell L. Hoskins, II, Caruthersville, Missouri for the appellant, Ella G. Alexander Wade.

William D. Domico, Katherine L. Frazier, Jessica M. Hackett, Memphis, Tennessee, for the appellee, Felice A. Vabnick.

**OPINION**

Appellant, Ella G. Alexander Wade ("Ms. Wade"), filed this medical malpractice action on November 10, 2003. She named Fernando A. Herrera, M.D., Appellee Felice A. Vabnick, M.D. ("Dr. Vabnick"), John Doe One, John Doe Two, John Doe Three, Jane Doe One, Jane Doe Two, Jane Doe Three, and Saint Francis Hospital as defendants. On December 2, 2003, Ms. Wade filed an amended complaint adding AMISUB (SFH), INC. as a defendant.

On August 10, 2005, the trial court entered an Order of Voluntary Nonsuit as to defendant Fernando A. Herrera, M.D. only. On June 19, 2006, the trial court entered a Consent Order of Nonsuit as to Saint Francis Hospital and AMISUB. On April 1, 2009, an Order of Voluntary Nonsuit Without Prejudice was entered, dismissing Ms. Wade's claims against Dr. Vabnick.

Dr. Vabnick filed a motion for discretionary costs on April 8, 2009. In this motion, she requested discretionary costs in the amount of $31,357.27. According to the motion, the $31,357.27 included $26,812.49 for expert fees and $4,539.23 for court reporter fees.[1] Dr. Vabnick's attorney filed an affidavit in support of the requested expenses, which affidavit was attached to her motion.

On July 2, 2009, Ms. Wade filed a response to Dr. Vabnick's motion for discretionary costs. In her response, Ms. Wade objected to the costs requested and argued that none of the expert witness fees, and only some of the court reporter fees, were covered by Tennessee Rule of Civil Procedure 54. Ms. Wade also requested that the trial court use its discretion to decline an award of discretionary costs. In support of this request, Ms. Wade noted that the case had been re-filed in United States Federal Court for the Western District of Tennessee, and specifically that the parties had stipulated to the use of the depositions obtained in the state proceeding in the federal proceeding.

On August 3, 2009, Dr. Vabnick's counsel filed a supplemental affidavit, in which she stated that she had recently received another invoice from an expert for $1,009.70. Counsel stated that $550 of the invoice was for trial work, and the remaining $459.70 was for the cost of a non-refundable airplane ticket to attend the trial. Based on this invoice, Dr. Vabnick requested that the trial court include $550 of this invoice in its award of discretionary costs, making the total discretionary costs requested $31,901.72.

Ms. Wade filed a supplemental response to Dr. Vabnick's motion on July 28, 2009. In this response, Ms. Wade asked that the trial court deny the motion for discretionary costs as Dr. Vabnick had filed a motion for taxation of costs and to stay the proceedings pursuant to Federal Rule of Civil Procedure 41(d) in the federal action. Ms. Wade noted that this motion had been withdrawn, but argued that the trial court should consider this action in denying the motion for discretionary costs.

After a hearing, the trial court granted Dr. Vabnick's motion for discretionary costs,

---

[1]We note that there is a mathematical error in Dr. Vabnick's motion. Based on the total expert fees and total court reporter fees requested, the total discretionary costs sought should be $31,351.27. This error, however, did not affect the trial court's findings. It also does not affect this opinion.

awarding her the total amount of discretionary costs requested ($31,901.72). As stated by the trial court in its order, the court specifically found:

> [T]hat Dr. Vabnick is entitled to recover from [Ms. Wade] reasonable and necessary expenses incurred in the litigation of this cause in the amount of **$31,901.72**, including costs related to expert witnesses in the amount of **$27,362.49** as outlined in [Dr. Vabnick's] itemized and verified bill of costs and cost[s] related to court reporter fees in the amount of **$4,539.23** as outlined in [Dr. Vabnick's] itemized and verified bill of costs.

(emphasis in original). In its ruling, the trial court specifically stated that it found all expenses requested in the affidavit to be allowable under Tenn. R. Civ. P. 54.04. Further, the trial court noted that the nonsuit was taken on April 1, 2009, one month before the trial was scheduled to begin. The trial court stated on the record that Ms. Wade decided to take a voluntary nonsuit in the middle of a pretrial hearing, after the trial court had made several rulings that were not in Ms. Wade's favor. The trial court recognized that there was a stipulation in the federal court to allow the use of the depositions from the state action, but stated that the stipulation did not specify which depositions would be used in the federal case, and did not indicate whether any depositions would be retaken. The trial court found that it had jurisdiction to award discretionary costs despite the fact that the case had been refiled in federal court. An Order reflecting these findings was entered on October 13, 2009.

Ms. Wade filed a notice of appeal on November 2, 2009, appealing the trial court's award of discretionary costs to Dr. Vabnick. Ms. Wade raises the following issues for our review, which we restate as follows:

1.  Whether the trial court erred in the amount of discretionary costs awarded by including general or preparation charges by expert witnesses and charges for court reporters for pretrial hearings?

2.  Whether the trial court may include, in an award of discretionary costs, expert witness fees that are not shown to involve deposition testimony to be used at trial, availability for trial or trial testimony?

3.  Whether a trial court may include, in an award of discretionary costs, court reporter fees for pretrial hearings?

4.  Whether the trial court erred in awarding discretionary costs in this matter for court reporter fees in any amount, including those related to depositions?

Pursuant to Rule 54.04(2) of the Tennessee Rules of Civil Procedure, the trial court may award discretionary costs to the prevailing party. Rule 54.04 provides in pertinent part:

> (2) Costs not included in the bill of costs prepared by the clerk are allowable only in the court's discretion. Discretionary costs allowable are: *reasonable and necessary court reporter expenses for depositions or trials, reasonable and necessary expert witness fees for depositions (or stipulated reports) and for trials*, reasonable and necessary interpreter fees for depositions or trials, and guardian ad litem fees; travel expenses are not allowable discretionary costs.

(emphasis added). The party seeking an award of discretionary costs bears the burden of demonstrating that it is entitled to such an award. *Carpenter v. Keppler*, 205 S.W.3d 474, 489 (Tenn. Ct. App. 2006). This Court reviews any such award under an abuse of discretion standard. *Id.* A trial court abuses its discretion when it applies an incorrect legal standard or has reached a decision which is against logic or reasoning that caused an injustice to the party complaining. *Eldridge v. Eldridge*, 42 S.W.3d 82, 85 (Tenn. 2001). On appeal, the party challenging the award has the burden of showing that the trial court abused its discretion. *Carpenter*, 205 S.W.3d at 489.

In determining whether to award discretionary costs, the trial court should:

> (1) determine whether the party requesting the costs is the 'prevailing party,' (2) limit awards to the costs specifically identified in the rule, (3) determine whether the requested costs are necessary and reasonable and (4) determine whether the prevailing party has engaged in conduct during the litigation that warrants depriving it of the discretionary costs to which it might otherwise be entitled.

*Mass. Mutual Life Ins. Co. v. Jefferson*, 104 S.W.3d 13, 35-36 (Tenn. Ct. App. 2002). Accordingly, we will review the award in that order.[2]

### Costs Allowed by Rule 54.04

---

[2]There is not an issue on appeal as to which party is the "prevailing party," nor an issue as to whether the fees were "reasonable and necessary."

Ms. Wade contends that the trial court erred in awarding Dr. Vabnick all of the requested costs as some of the court reporter fees, and all of the expert fees, are not allowed by Rule 54.04. We will review these separately.

*Court Reporter Fees*

The trial court awarded Dr. Vabnick $4,539.23 for court reporter fees. According to counsel's affidavit, $688.08 of this amount was for court reporter fees resulting from pretrial hearings held on issues related to depositions. Rule 54.04 allows the award of discretionary costs for "reasonable and necessary court reporter expenses for depositions or trials." The rule does not permit the recovery of court reporter fees associated with pretrial hearings. ***Duran v. Hyundai Motor America, Inc.,*** 271 S.W.3d 178, 216 (Tenn. Ct. App. 2008). Dr. Vabnick argues that, because the pretrial hearings were on issues related to the taking of a deposition, she is entitled to recover these expenses. We have not been provided, nor have we found, any authority providing for such an extension of Rule 54.04. Consequently, this Court finds that the trial court erred in awarding Dr. Vabnick discretionary costs for the court reporter expenses incurred for pretrial hearings. Accordingly, the amount awarded shall be reduced by $688.08.

*Expert Fees*

Ms. Wade also submits that the expert fees allowed by the trial court were not recoverable under Rule 54.04. As set forth in counsel's affidavit, the fees requested were as follows:

| Date | Description | Amount Billed | Amount Paid/ To be Paid |
|------|-------------|---------------|--------------------------|
| 1/26/2009 | Expert Witness Fees of Dr. Husani Dweik; $350/hour for 44.5 hours | $15,662.50 | $15,662.50 |
| 10/6/2008 | Expert Witness Fees for Dr. Kauten; $500/hour for 6.3 hours | $3,249.99 | $3,249.99 |
| 12/23/2006 | Expert Witness Fees for Dr. Kauten; $500/hour for 13 hours | $6,500.00 | $6,500.00 |
| 9/28/2005 | Non-testifying Consultant Cardiovascular Surgeon; $350/hour for 4 hours | $1,400.00 | $1,400.00 |

| | | |
|---|---|---|
| Total Expert Witness Fees | $26, 812.49 | $26, 812.49 |

Also, on August 3, 2009, counsel supplemented her affidavit to include an invoice received from Dr. James Kauten in the amount of $1,009.70, which amount included $550 for trial work and $459.70 for a non-refundable plane ticket purchased to attend trial. Based upon the additional invoice, Dr. Vabnick requested that she also be awarded $550 in addition to the amount previously requested. The trial court awarded discretionary costs for all of the expert fees requested.

Our Supreme Court and this Court have reviewed Rule 54.04 and discussed which expert fees are recoverable under the rule numerous times. The discussion on expert fees allowable as discretionary costs began in ***Lock v. National Fire Ins. Co. Of Pittsburgh, Penn.,*** 809 S.W.2d 483 (Tenn. 1991).[3] In ***Lock***, the Appellant appealed the trial court's grant of discretionary costs for court reporter fees for depositions and trial, and expert witness fees for appearances at depositions. ***Id.*** at 489. In affirming the trial court's decision, our Supreme Court discussed the history and reasoning behind Rule 54.04, noting that the intent behind the adoption of Rule 54.04, was "that reasonable and necessary costs, in the preparation and trial of a case could be assessed as discretionary costs by the trial court." ***Id.*** at 490.

In 1993, Rule 54.04 was amended. According to the advisory commission comments, Rule 54.04 was amended to make it consistent with the ***Lock*** decision and to "define[] discretionary costs, provide[] for a timely motion, and make[] clear that a notice of appeal will not deprive the trial court of jurisdiction to entertain a motion for discretionary costs."

---

[3]At the time of ***Lock*** Rule 54.04provided:

> (1) Except when express provision therefor is made either in a statute or in these rules, costs shall be allowed as of course to the prevailing party unless the court otherwise directs...;
>
> (2) A party who desires to recover discretionary costs or any recoverable costs not included in the bill of costs prepared by the clerk of the trial court shall move the court to assess discretionary costs and attach thereto an itemized and verified bill of costs. The affidavit shall be made by the party or his duly authorized attorney or agent having knowledge of the facts, certifying that such items of costs are accurate and were reasonable and necessary to preparation and trial of the case and that the services for which such fees have been charged were actually performed. The motion shall be filed as a post-trial motion pursuant to Rule 59.01.

***Lock***, 809 S.W.2d at 489.

Under the 1993 amendment, discretionary costs were defined as: "reasonable and necessary court reporter expenses for depositions or trials, reasonable and necessary expert witness fees for depositions or trials, and guardian ad litem fees; travel expenses are not allowable discretionary costs."[4] The rule has never been amended to provide for fees associated with trial preparation.

Our Supreme Court reviewed the amendment and its application to expert fees in *Miles v. Marshall C. Voss Health Care Center*, 896 S.W.2d 773 (Tenn. 1995). In *Miles*, the trial court assessed discretionary costs against the defendant-employer in a worker's compensation case. Specifically at issue were charges incurred by a vocational rehabilitation expert in examining the injured employee and in testifying at trial. *Id*. at 776. The *Miles* court discussed the history behind Rule 54.04, including its decision in *Lock* and the 1993 amendment. *Id.* The court reiterated its intent behind Rule 54.04 as stated in *Locke,* and held that the expert was necessary and that his fees for testifying were recoverable. *Id.* "However, [Rule 54.04] specifically limits discretionary costs with regard to expert witnesses to their fees for testifying." *Id.* Based on this explicit holding, the Supreme Court found that the trial court could not award discretionary costs for fees assessed for examining the employee or reviewing medical proof prior to trial. *Id.*

Our Supreme Court has not addressed the issue of discretionary costs as they relate to expert fees since *Miles*. However, this Court has discussed the issue multiple times. This Court has consistently held that expert fees incurred for work, other than testifying at depositions or trials, are not recoverable as a discretionary costs. *Duran v. Hyundai Motor America, Inc.*, 271 S.W.3d 178 (Tenn. Ct. App. 2008)(perm. app. denied Aug. 25, 2008); *Trundle v. Park*, 210 S.W.3d 575 (Tenn. Ct. App. 2006)(perm. app. denied Dec. 18, 2006); *Waggoner Motors, Inc. v. Waverly Church of Christ*, 159 S.W.3d 42 (Tenn. Ct. App. 2005)(perm. app. denied Feb. 28, 2005); *Mass. Mutual Life Ins. Co. v. Jefferson*, 104 S.W.3d 13 (Tenn. Ct. App. 2002)(perm. app. denied Sept. 2, 2003); and *Shahdar v. Global Housing*, 983 S.W.2d 230 (Tenn. Ct. App. 1998)(perm. app. denied Oct. 19, 1998). As stated by then Judge, now Justice Koch, "prevailing parties cannot recover expert witness fees for preparing for depositions or trial, no matter how reasonable and necessary these fees are." *Mass. Mutual Life Ins. Co.,* 104 S.W.3d at 38 (citing *Miles,* 896 S.W.2d at 776)(citations omitted). Parties may, however, recover fees associated with having an expert available to testify. *Stalsworth v. Grummons*, 36 S.W.3d 832 (Tenn. Ct. App. 2000)(allowing the award of a fee charged by an expert to be available to testify during trial after plaintiff took a nonsuit after the trial began).

---

[4]Rule 54.04 has also been amended to provide that interpreter fees for depositions and trial may be awarded as discretionary costs.

Dr. Vabnick has provided this Court with one unreported case that holds otherwise, ***Ashe v. McDonald***, No. E2000-03151-COA-R3-CV, 2002 WL 597315 (Tenn. Ct. App. April 18, 2002)(no. perm. app. filed). Likewise, this Court has been unable to find any other cases, reported or not, that support Dr. Vabnick's position. In ***Ashe***, the trial court awarded discretionary costs in part for trial preparation done by the plaintiff's experts. ***Id.*** at *6. In finding that the trial court did not abuse its discretion in allowing these costs, the ***Ashe*** court relied only on the ***Stalsworth*** decision and its discussion of the ***Lock*** case. While ***Ashe*** does quote ***Lock*** and the intent, as stated by the Supreme Court, behind Rule 54.04, it does not mention that the amendments made to Rule 54.04 after ***Lock,*** did not provide for the recovery of preparation work**.** Moreover, ***Ashe*** does not mention that ***Stalsworth*** allowed for the recovery of a fee associated with having an expert available to testify at trial, and not for fees associated with trial preparation. Consequently, this Court declines to hold contrary to our Supreme Court's express determination that Rule 54.04 "limits discretionary costs with regard to expert witnesses to their fees for testifying." ***Miles,*** 896 S.W.2d at 776. This is especially so in light of the numerous reported opinions of this Court.

As stated, the prevailing party requesting discretionary costs has the burden of demonstrating that he or she is entitled to these costs. ***Waggoner Motors, Inc,*** 159 S.W.3d at 65(citing ***Stalsworth***, 36 S.W.3d at 835). A party may carry this burden by demonstrating: (1) that he or she is the prevailing party, (2) that the costs sought are included in Rule 54.04, (3) that the costs sought are necessary and reasonable, and (4) that he or she has not engaged in conduct that would justify denying the costs requested. ***Id.*** (citing ***Mass. Mut. Life Ins. Co.***, 104 S.W.3d at 35-36). After reviewing the record, this Court finds that Dr. Vabnick did not carry her burden.

Based upon the record before us, Dr. Vabnick did not demonstrate that the expert fees sought were allowable discretionary costs under Rule 54.04. The majority of the charges listed simply state, "expert fees." As quoted above, the affidavit in support of the motion for discretionary costs does not indicate for what type of work the "expert fees" were incurred. Based upon the motion and the supporting affidavit, it is impossible for this Court to determine whether the charges incurred were for deposition testimony, which charges would be allowed under Rule 54.04, or whether these fees were for review of medical records, or other preparation for depositions or for trial, which fee would not be allowed under Rule 54.04. Moreover, at the hearing on the motion, counsel for Dr. Vabnick explained to the trial court that some of the expert fees were charges paid to retain experts to assist counsel with preparations for depositions or trial– clearly costs not contemplated under the rule. One fee requested is even listed on the affidavit as being for a "non-testifying consultant." An expert fee for a non-testifying consulting expert is clearly not covered by Rule 54.04. ***Miles,*** 896 S.W.2d at 776**.** The fees requested by the supplemental affidavit are fees for travel expenses and "trial work." The supplemental affidavit fails to demonstrate what is meant by "trial

work." No trial occurred in this matter; therefore, the fee cannot be for trial testimony. Further, the affidavit in no way indicates that the fee charged is for availability during a trial as was the case in **Stalsworth**. **Stalsworth v. Grummons**, 36 S.W.3d 832 (Tenn. Ct. App. 2000). Because Dr. Vabnick failed to demonstrate that the expert fees requested were allowable under Rule 54.04, she failed to demonstrate that she was entitled to an award of discretionary costs for these charges. Therefore, the trial court abused its discretion in awarding Dr. Vabnick $27,362.49 in discretionary costs for expert fees. *See **Waggoner Motors, Inc,*** 159 S.W.3d at 65. Accordingly, the trial court's order granting discretionary costs shall be reduced by $27,362.49. *See **id.***

### Discretion to Award Costs

Finally, Ms. Wade submits that the trial court abused its discretion in awarding all of the court reporter fees for depositions, as allowed by Rule 54.04. Dr. Vabnick requested $3,851.15 for court reporter fees for depositions.[5] The trial court awarded her the total amount requested. Ms. Wade submits that, in so doing, the trial court abused its discretion because the case has been re-filed in federal court, where the parties have stipulated to the use of the depositions obtained in the state action in the federal action.

We have reviewed the record and find that the trial court did not abuse its discretion in awarding Dr. Vabnick discretionary costs for court reporter fees incurred for depositions. From the record, it is clear that the trial court thoroughly considered the situation of the parties and the equities between them. The court made specific findings on the record to reflect its reasoning. The trial court stated that it was aware that the case had been re-filed and that the parties had stipulated to the use of the depositions. However, the trial court considered the fact that Ms. Wade decided to voluntarily nonsuit her claim during pretrial hearings held one month prior to trial, after the trial court made several rulings that were not in her favor. Further, the trial court noted that, while the parties stipulated to the use of the depositions in the federal action, the stipulation was not clear as to which of the depositions were included or which depositions would need to be redone. In light of these factors, the trial court stated that it was not persuaded by Ms. Wade's argument that it should use its discretion and not award these costs. This Court is cognizant that the parties stipulated to the use of all of the depositions taken in this action, in the federal action. However, as the trial court noted, there is some concern and there appears to be some dispute in the record as to which depositions the parties will be able to use in the federal action and which will need to be re-taken. Moreover, this Court is aware of the timing of Ms. Wade's decision to take a voluntary nonsuit, and her decision to re-file her complaint in federal court. Accordingly,

---

[5]Dr. Vabnick requested $4,539.23 for court reporter fees. As previously discussed, $688.08 of the fees were fees for pretrial hearings and were, therefore, not allowed by Rule 54.04.

this Court does not find that the trial court abused its discretion in awarding discretionary costs for court reporters fees incurred for depositions.

## Conclusion

Having determined that the trial court abused its discretion in awarding the amount of $688.08 for court reporter fees incurred for pretrial hearings, and in awarding $27,362.49 for expert fees, we modify the court's order to reflect a total discretionary fee award of $3,851.15 for court reporter fees incurred for depositions. Costs of this appeal are taxed to the Appellee, Felice A. Vabnick, M.D., for which execution may issue if necessary.

_____

                                        _____
                                        J. STEVEN STAFFORD, JUDGE