N THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
January 9, 2019 Session

FILED
07/30/2019
Clerk of the
Appellate Courts

## MAURICE PINSON v. DAVID KENT DeBOER M.D. ET AL.

**Appeal from the Circuit Court for Davidson County**
**No. 13C2897        Kelvin D. Jones, Judge**

_____

### No. M2018-00593-COA-R3-CV
_____

Appeal of an award of discretionary costs to Defendants in healthcare liability action that had been voluntarily dismissed. The trial court initially awarded Defendants, *inter alia*, expert witness fees for medical providers who had treated Plaintiff, expenses for videotaped depositions, and costs for the travel time and deposition preparation time for Plaintiff's vocational expert. On Plaintiff's motion, the court modified the award to exclude videographer expenses, expenses attendant to the vocational expert's deposition, and other court reporter expenses. We modify the award to exclude the witness fees for the providers who treated Plaintiff and to include the court reporter fee for the deposition of Plaintiff's vocational expert; vacate the portion of the award that reduces the amount of court reporter fees and expenses and remand the case for reconsideration of the award; and reverse the order to the extent it requires the Plaintiff to post a bond or pay discretionary costs prior to re-filing the suit.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Modified in Part, Reversed in Part, and Affirmed in Part; Case Remanded for Further Proceedings**

RICHARD H. DINKINS, J., delivered the opinion of the court, in which ANDY D. BENNETT and W. NEAL McBRAYER, JJ., joined.

Luvell L. Glanton, Nashville, Tennessee, for the appellant, Maurice Pinson.

Phillip North, Edward A. Hadley, and Brent A. Kinney, Nashville, Tennessee, for the appellees, David Kent DeBoer, M.D., and Southern Sports Medicine & Orthopaedic Center, P. C..

**OPINION**

## I. FACTUAL AND PROCEDURAL HISTORY

Maurice Pinson filed a healthcare liability action against Dr. David DeBoer and Southern Sports Medicine & Orthopaedic Center, P.C., d/b/a Southern Joint Replacement Institute, ("Defendants") on July 19, 2013. Mr. Pinson ("Plaintiff") alleged, *inter alia*, that Dr. DeBoer performed knee replacement surgery on both of his knees on August 19, 2010, improperly installed the knee replacements, and "failed to provide appropriate and reasonable care" to Plaintiff; in due course, the case was set for trial on November 2, 2017.

On October 3, 2017, Plaintiff filed a Notice of Voluntary Dismissal and gave Defendants notice, pursuant to Tennessee Code Annotated section 29-26-121, of his intent to re-file the action on October 5; the court entered an Order of Voluntary Dismissal on October 10. Defendants moved the court, pursuant to Tennessee Rule of Civil Procedure 54.04 and Tennessee Code Annotated section 20-12-101 and 20-12-110, for an award of discretionary costs in the total amount of $17,356.31 on October 18; in the motion, Defendants asked the court to require Plaintiff to pay the discretionary costs prior to proceeding with the new action. Plaintiff responded to the motion, requesting that the court reserve ruling on the motion "until such time as there is a prevailing party in the re-filed action" and opposing the request that the new action be stayed pending payment of the judgment. On November 27, the court entered an order granting the motion and awarding Defendants a judgment in the amount of $17,356.31; the court declined to stay the proceedings in any new action until Plaintiff paid the costs of the dismissed action.

On December 1, 2017, Plaintiff moved to alter or amend the judgment by reducing the award by $8,641.19.[1] The court entered an order on March 16, 2018, reducing the amount of costs awarded to $9,736.12, holding that $7,620.19 was not recoverable.[2] The court ordered that Plaintiff pay the modified award or post a bond in that amount prior to re-filing the suit.

Both sides appeal. Plaintiff contends that the court erred in awarding costs for the depositions of Drs. William Kurtz and Stuart Smith and Physician Assistant Bryn Southards, who had treated the Plaintiff, and in requiring that Plaintiff pay the judgment

---

[1] Plaintiff contended that $3,675.00 for deposition fees charged by Drs. Kurtz and Smith, and P.A. Southards, $4,166.19 in fees for videotaped depositions, and $800.00 in travel expenses for Plaintiff's vocational expert to attend a deposition were not properly awardable.

[2] The reduction was apportioned between $4,166.19 for videographer fees and $800.00 for preparation fees and travel expenses for Plaintiff's vocational expert; the court did not explain the allocation of the remaining $2,654.00 but stated that the previous award for Drs. Kurtz and Smith and P.A. Southards would remain.

or post a bond for the costs prior to re-filing the action. Defendants contend that the court abused its discretion in reducing the judgment. Defendants agree with Plaintiff that the court erred in requiring that Plaintiff pay the costs or post a bond prior to filing the new action but argue that the court may stay the action until Plaintiff pays the award.

## II. ANALYSIS

### A. STANDARD OF REVIEW

The issues raised call for us to consider Tennessee Rules of Civil Procedure 54.04,[3] governing the assessment of costs, and 41.04,[4] governing payment of costs in an action that was previously dismissed. "Awarding costs in accordance with Tenn. R. Civ. P. 54.04(2), like awarding other costs, is within the trial court's reasonable discretion." *Mass. Mut. Life Ins. Co. v. Jefferson,* 104 S.W.3d 13, 35 (Tenn. Ct. App. 2002) (citing *Perdue v. Green Branch Mining Co.*, 837 S.W.2d 56, 60 (Tenn. 1992)). "Accordingly, we employ a deferential standard when reviewing a trial court's decision either to grant or to deny motions to assess these costs. . . . Because these decisions are discretionary, we are generally disinclined to second-guess a trial court's decision unless the trial court has abused its discretion." *Mass. Mut. Life. Ins. Co.,* 104 S.W.3d at 35 (citing *Scholz v. S.B. Int'l, Inc.*, 40 S.W.3d 78, 84 (Tenn. Ct. App. 2000); *Woodlawn Mem'l Park, Inc. v. Keith,* 70 S.W.3d 691, 698 (Tenn. 2002); *Stalsworth v. Grummons,* 36 S.W.3d 832, 836 (Tenn. Ct. App. 2000); *Mitchell v. Smith,* 779 S.W.2d 384, 392 (Tenn. Ct. App. 1989)). Decisions awarding costs under Rule 41.04 are governed by the same standard of review applicable to Rule 54.04. *J.P. Morgan Chase Bank v. Franklin National Bank*, No. M2005-02088-COA-R3-CV, 2007 WL 2316450, at *3 (Tenn. Ct. App. Aug. 13, 2007). This deferential standard of review was explained in *Lee Medical, Inc. v. Beecher*:

---

[3] Rule 54.04 states in pertinent part:

> (2) Costs not included in the bill of costs prepared by the clerk are allowable only in the court's discretion. Discretionary costs allowable are: reasonable and necessary court reporter expenses for depositions or trials, reasonable and necessary expert witness fees for depositions (or stipulated reports) and for trials, reasonable and necessary interpreter fees not paid pursuant to Tennessee Supreme Court Rule 42, and guardian ad litem fees; travel expenses are not allowable discretionary costs. Subject to Rule 41.04, a party requesting discretionary costs shall file and serve a motion within thirty (30) days after entry of judgment. The trial court retains jurisdiction over a motion for discretionary costs even though a party has filed a notice of appeal. The court may tax discretionary costs at the time of voluntary dismissal. . . .

[4] Rule 41.04 states:

> If a plaintiff who has once dismissed an action in any court commences an action based upon or including the same claim against the same defendant, the Court may make such order for the payment of costs of the action previously dismissed as it may deem proper and may stay the proceedings in the new action until the plaintiff has complied with the order.

Discretionary decisions must take the applicable law and relevant facts into account. An abuse of discretion occurs when a court strays beyond the applicable legal standards or when it fails to properly consider the factors customarily used to guide the particular discretionary decision. A court abuses its discretion when it causes an injustice to the party challenging the decision by (1) applying an incorrect legal standard, (2) reaching an illogical or unreasonable decision, or (3) basing its decision on a clearly erroneous assessment of the evidence.

312 S.W.3d 515, 524 (Tenn. 2010) (internal citations omitted).

## B. EXPERT WITNESS FEES FOR TREATING PHYSICIANS

We first address Plaintiff's contention regarding the award of discretionary costs as to Dr. Smith, Dr. Kurtz, and Ms. Southards. The Plaintiff argues "Dr. Stuart Smith, Dr. William Kurtz, and Bryn Southards, P.A.'s roles in this case were as treating physicians and/or medical providers of the Plaintiff, and are therefore considered fact witnesses." The Plaintiff asserts that treating physicians are typically considered fact witnesses and that, "a legal distinction is made between physicians who testify based solely on facts gained by their actual treatment of a patient (fact witnesses) and physicians who give opinions based upon facts and/or material furnished to them during the course of litigation (expert witnesses)."

In response, Defendants argue that Rule 54.04(2) of the Tennessee Rules of Civil Procedure does not distinguish between "experts" for purposes of Rule 26[5] and "experts" for purposes of Tennessee Rules of Evidence 701 and 702.[6] The Defendants argue that

---

[5] Rule 26.02(4)(A)(i) of the Tennessee Rules of Civil Procedure states:

> A party may through interrogatories require any other party to identify each person whom the other party expects to call as an expert witness at trial, to state the subject matter on which the expert is expected to testify, and to state the substance of the facts and opinions to which the expert is expected to testify and a summary of the grounds for each opinion. In addition, upon request in an interrogatory, for each person so identified, the party shall disclose the witness's qualifications (including a list of all publications authored in the previous ten years), a list of all other cases in which, during the previous four years, the witness testified as an expert, and a statement of the compensation to be paid for the study and testimony in the case.

[6] Rule 701(a) of the Tennessee Rules of Evidence states:

> If a witness is not testifying as an expert, the witness's testimony in the form of opinions or inferences is limited to those opinions or inferences which are
> (1) rationally based on the perception of the witness and
> (2) helpful to a clear understanding of the witness's testimony or the determination of a fact in issue.

Rule 702 states: "If scientific, technical, or other specialized knowledge will substantially assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise."

Dr. Smith, Dr. Kurtz, and Ms. Southards, P.A., are experts within the meaning of Tennessee Rules of Evidence 702 because "the testimony of Ms. Southards, Dr. Smith, and Dr. Kurtz would certainly help the jury to understand the causes of the types of injury alleged by Plaintiff and whether Plaintiff's subsequent treatment/surgeries, or need for future treatment/surgeries, was a result of Dr. DeBoer's alleged negligence."

In the case of *White v. Vanderbilt University*, plaintiff sought review from directed verdicts and a jury verdict entered in plaintiff's medical malpractice action. 21 S.W.3d 215, 219 (Tenn. Ct. App. 1999). The court stated:

> [E]xperts who were not specifically retained in anticipation of litigation or in preparation for trial, such as regular employees of a party or treating physicians . . . do not fit within Tenn. R. Civ. P. 26.02(4)(A) or 26.02(4)(B), [and thus] their identity, as well as their facts and opinions, are freely discoverable as with any ordinary witness.

*Id.* at 224.

Similarly, in *Parks v. Royal Insurance Co. of America*, a worker's compensation case, Plaintiff appealed the trial court's award of a psychologist's witness fee as a discretionary cost. No. W2000-02778-WC-R3-CV, 2001 WL 1584107, at *9 (Tenn. Workers Comp. Panel Dec. 4, 2001). On appeal, the panel differentiated between "fact" witnesses and "expert" witnesses and found that "because Dr. Ciocca testified as a fact witness, rather than an expert witness, his fee [wa]s not recoverable as costs. The award of costs [wa]s reduced by the amount of his fee." *Id.*

The Supreme Court considered the distinction between a fact witness and expert witness for purposes of Rule 54.04(2) in *Miles v. Marshall C. Voss Health Care Center*, and ruled:

> In the instant case, the trial court allowed as discretionary costs assessed against the employer the charges made by a vocational rehabilitation expert for examining the injured employee and testifying in her behalf at trial.
>
> * * *
>
> This Court has not before addressed the question of whether the charges of a vocational disability and rehabilitation expert for examining an employee and for testifying are recoverable as discretionary costs.
>
> There is no question that Dr. Colvin served as an expert witness. In fact, the parties stipulated at trial that he was qualified to testify as a vocational disability expert. There is also no doubt that his trial testimony was important to the trial court's assessment of the extent of the employee's vocational disability. He was the only vocational expert to testify in the case. The Court referred to Dr. Colvin's testimony in its opinion and the Court's finding of permanent total disability was consistent with Dr.

5

Colvin's finding. Thus, Dr. Colvin was a "necessary expert" within the meaning of Rule 54.04(2).

However, the rule specifically limits discretionary costs with regard to expert witnesses to their fees for testifying. The record reveals that Dr. Colvin met with the employee one time for the purpose of evaluating her disability. He also spent time reviewing the medical proof as part of his evaluation. He testified in person at the trial. He charged $750 for his services. The employee's motion for discretionary costs does not indicate how much of Dr. Colvin's fee was for his evaluation, and how much was for his appearance and testimony at trial. Since, as indicated above, the portion of the fee charged for evaluating the employee is not recoverable under Rule 54.04(2), but the portion of the fee charged for his trial testimony is recoverable as discretionary cost, the case must be remanded to the trial court to make this determination.

896 S.W.2d 773, 776 (Tenn. 1995) (citations omitted).

The record shows that at all times prior to the dismissal of the case, Defendants argued that Drs. Kurtz and Smith and P.A. Southards could only testify as fact, and not expert, witnesses.[7] Consistent with this characterization, these witnesses did not give any opinions or observations outside of their personal evaluations and treatment of the Plaintiff in their depositions. Thus, they are fact witnesses, not expert witnesses. In accordance with the cases discussed previously, the fees for these witnesses are not recoverable as discretionary costs under Rule 54.04. Accordingly, we modify the award of discretionary costs to exclude the $900.00 fee of Dr. Kurtz, the $1,875.00 fee of Dr. Smith, and the $900.00 fee of P.A. Southards.

---

[7] Prior to the voluntary dismissal, Defendants filed a motion *in limine*, requesting "an Order prohibiting Plaintiff from introducing into evidence the testimony of Dr. Kurtz, who has testified by two depositions as a treating physician." Defendants filed a second motion *in limine* regarding Dr. Stuart Smith's testimony on the grounds of speculation, asserting:

> Plaintiffs sought testimony from Dr. Smith that exceeded the scope of his role as a treating physician and crossed into the scope of a Tenn. Rule of Civil Procedure 26 testifying expert. Because Plaintiff did not provide a disclosure of opinions from Dr. Smith pursuant to TRCP 26, this testimony should be excluded.

The Defendants further contended that any of Dr. Smith's testimony regarding the standard of care that came from his knowledge or training, rather than personal treatment of the Defendant, should be excluded, as Dr. Smith was not retained as an expert witness in anticipation of litigation, but rather was testifying as a treating physician.

## C. REDUCTION IN AWARD OF DISCRETIONARY COSTS

In the Order on Plaintiff's motion to alter the award the court held:

> $7,620.19 of the previously-awarded discretionary costs are not recoverable, including $4,166.19 for the videographer fees, $800.00 for Plaintiff's vocational expert Linda Jones's fee for deposition preparation and travel expenses, and court reporter expenses for postage, e-transcripts, and copies. The cost of $3,675.00 for depositions of Dr. Stuart Smith, Dr. Kurtz, and Bryn Southards, P.A., shall remain, as previously ordered on November 27, 2017.

Defendants acknowledge that the expense of a videographer is not within the costs listed as recoverable in Rule 54 but argue that those fees "are reasonable and necessary and should be recoverable"; that they should be awarded the fee which they paid to Linda Jones; and that the trial court abused its discretion in *sua sponte* deducting $2,654.00 in other expenses.[8] We discuss the cost items in order; as noted earlier, we review the award under the abuse of discretion standard.

With respect to the videographer fees, Defendants argue that "[p]resentation of a video is more effective that merely reading from a transcript because the video shows the witness' demeanor, cooperation, pauses between questions, answers, and thoughts, and yields great insight to the jury who must decide the credibility of the witness." This argument is without merit inasmuch as it ignores the fact that Rule 54.04(2) lists which discretionary costs are recoverable, and the list does not include videographer fees. It does appear, however, that the court reporter fee for the deposition of Linda Jones, which the record shows was not a video deposition, was included in the amount disallowed as a recoverable cost by the trial court and should be reinstated.

With respect to the travel expense and preparation fee of Ms. Jones, the affidavit that counsel for Defendants filed in support of the motion for discretionary costs includes an entry of $1,000.00 paid to Vocational Economics, Inc., for Ms. Jones' deposition.[9] The court initially awarded the $1,000.00 shown in counsel's affidavit, and at the hearing on the motion to alter or amend, counsel for the parties agreed that the bill was actually

---

[8] Plaintiff moved the court to reduce the award by $8,641.19, consisting of: $3,675.00 for the fees of Drs. Kurtz and Smith and P.A. Southards, $4,166.19 in videographer fees, and the fee of $800.00 for time spent by Linda Jones, Plaintiff's vocational expert, in preparation for her deposition.

[9] On the invoice from Vocational Economics, the time for preparation for the deposition and giving the deposition are each two hours; the deposition rate is $400.00 per hour and the preparation rate is $250 per hour. The rate for preparation has been crossed out and the word and figures "Total = $800.00" are handwritten.

$800.00. Defendant's counsel went further and explained that the bill had been paid by mistake.[10]

Rule 54.04(2) does not provide for recovery of travel or preparation expenses. The rule expressly states "travel expenses are not allowable discretionary costs." Defendant's counsel acknowledges the bill for which reimbursement is sought is one that he mistakenly paid; however, this amount is not recoverable from Plaintiff as a discretionary cost. The trial court did not abuse its discretion in disallowing this expense.

Next, Defendants argue that the trial court abused its discretion in not distinguishing between the videographer fees and the regular court reporter expenses when it reduced the award. We have previously held that the attendance fees for Dr. Kurtz, Dr. Smith, and Ms. Southards were not recoverable as costs due to their status as fact witnesses; however, the non-videotape court reporter fees for these witnesses are recoverable as discretionary costs pursuant to Rule 54.04(2). From the affidavit of Defendants' counsel, the only court reporter fees included for either of these witnesses are for depositions of Dr. Kurtz on February 17, 2016, in the amount of $155.75, and an undated deposition expense of $496.00; neither expense distinguishes the charge for videotape from a regular deposition. It is apparent that the court ruled on the basis of the evidence in the record, and we have not been cited to any countervailing evidence. While there may have been a separate charge for the videotape and regular depositions, such is not apparent from the record, and we cannot conclude on the record presented that the court abused its discretion.

Lastly, Defendants argue that the trial court abused its discretion in reducing the award for the costs attributed to court reporter expenses for postage, e-transcripts, and copies. Defendants allege "the trial court gave no explanation for why it was reducing the discretionary costs award by an additional $2,654.00; instead, the trial court simply announced during the hearing that it was deducting some postage and fees for copies and e-transcripts."

There is no cost breakdown provided for computing court reporter fees other than the court's explanation during the hearing on the Motion to Amend that "the initial award was $17,356.31…we deducted some of the postage that were invoiced on some of the bills…and e-transcripts on portions of them…but we also deducted some court reporter

---

[10] At the hearing on the motion, counsel for Defendants explained:

> Here's what happened with Linda Jones. She's an expert witness, vocational expert. She does this. She -- she knows the drill. So does Mr. Glanton. We had an off-the-record discussion. I said: You bill me for your time for on the record. That's what's customary. She didn't do that. She billed me for her prep time and her travel expense, and that's wrong. I -- trusting them as familiar with the way this works, I didn't review her bill. And so I paid it voluntarily at the time of the deposition. And then when I presented my Motion for Discretionary Costs, I realized: Wait a minute, I never should have paid that in the first place. I'm entitled to that money back.

attendance fees, transcript fees…so internally we came up with that number after we deducted the postage and transcript fees."

Defendants attached invoices of copy, transcript, and postage expenses in support of the Motion for Discretionary Costs. Nothing in the record indicates the expenses incurred were not reasonable or necessary for trial preparation. We believe that the costs for postage, e-transcript, and copies are recoverable as court reporter fees pursuant to Rule 54.04(2) and were reasonable and necessary in trial preparation; however, the court did not itemize the computation of the court reporter expenses or how the $2,654.00 reduction was reached. Accordingly, we vacate this portion of the judgment and remand the case for the court to reconsider the award of court reporter expenses and to include all amounts properly recoverable under Rule 54.04(2).

### D. REQUIREMENT THAT PLAINTIFF PAY COSTS PRIOR TO RE-FILING SUIT

As noted earlier, after reducing the initial award of costs pursuant to the motion to alter or amend, the court ordered that Plaintiff pay the modified award or post a bond in that amount prior to re-filing the suit. On appeal, both parties agree that Rule 41.04 does not require the costs to be paid prior to the suit being refiled; we agree with the parties in this regard. Accordingly, we reverse the trial court's order that Plaintiff must pay the costs or post a bond prior to re-filing.

Defendants contend, however, that it is within the court's discretion to stay the proceedings in the new case until the costs are paid and that the court should do so. As noted earlier, Rule 41.04 allows that, when a suit is refiled, the trial court "may make such order for the payment of costs of the previously dismissed action as it may deem proper," and the court may "stay the proceedings in the new action until the plaintiff has complied with the order." Thus, Defendants' request is premature inasmuch as the refiling of the action is a prerequisite for the court make any order relative to the payment of costs, including staying the proceeding.

### III. CONCLUSION

For the foregoing reasons, we modify the award of discretionary costs to exclude the $900.00 fees of Dr. Kurtz, the $1875.00 fee of Dr. Smith, and the $900.00 fee of P.A. Southards, and to include $743.65 for the deposition of Ms. Jones, which this results in a net reduction in the award of $2,931.35; we vacate that portion of the order reducing the costs award by $2,654.00 for court reporter expenses and remand the case for the court to reconsider the award, and to include all amounts properly recoverable under Rule 54.04(2); we reverse the order to the extent it may be construed as requiring Plaintiff to pay the discretionary costs or post a bond prior to refiling suit.

_____
RICHARD H. DINKINS, JUDGE

9